HERSEY, Chief Judge.
Anthony Amico was charged with armed robbery. He entered a plea of nolo conten-dere and was sentenced to two and one-half years’ imprisonment to be followed by two and one-half years’ probation. Appellee was released on probation after fourteen months in jail. He subsequently violated the terms of his probation and the trial court held a hearing at which appellee admitted the violation. He was sentenced to sixteen months in prison with credit for time served, which represented the remainder of the two and one-half year sentence originally imposed.
At the hearing on appellee’s probation violation the trial court failed to complete or to have available a new scoresheet. This was error. Rule 3.701 d.14., Florida Rules of Criminal Procedure, provides: “Sentences imposed after revocation of probation or community control must be in accordance with the guidelines.” Rule 3.701 d.l. provides: “One guideline score-sheet shall be utilized for each defendant covering all offenses pending before the court for sentencing.”
A trial court must have a guidelines scoresheet available at sentencing. Kolbe v. State, 480 So.2d 694 (Fla. 4th DCA 1985). See also Nelson v. State, 498 So.2d 553 (Fla. 4th DCA 1986); Finklea v. State, 471 So.2d 608 (Fla. 1st DCA 1985).
The failure of the trial judge to have a new completed scoresheet before him at appellee’s probation revocation hearing was reversible error.
REVERSED and REMANDED for re-sentencing.
DELL and WALDEN, JJ., concur.