PER CURIAM.
Appellant was sentenced to five years’ imprisonment for various violations of his probation. The original sentence was eighteen months’ imprisonment followed by one year of probation, or a category “3” probationary split sentence. See Poore v. State, 531 So.2d 161 (Fla.1988). Upon violation of probation, therefore, the sentencing judge was permitted “to impose any sentence he or she originally might have imposed, with *1128 credit for time served and subject to the guidelines recommendation.” Poore, 531 So.2d at 164. Appellant’s sentence exceeds this limitation.
It was also incumbent upon the state to provide the court at the sentencing hearing with a new and corrected scoresheet. See State v. Amico, 525 So.2d 515 (Fla. 4th DCA 1988). This was not done.
We reverse the sentence and remand for resentencing to comply with Poore and Amico, at which time the trial court may also consider rule 3.701 d.14., Florida Rules of Criminal Procedure.
REVERSED AND REMANDED.
HERSEY, C.J., and WARNER, J., concur.
STONE, J., concurs specially with opinion.