531 So.2d 161 (1988)
Lonnie POORE, Petitioner,
v.
STATE of Florida, Respondent.
No. 70397.
Supreme Court of Florida.
September 22, 1988.
*162 James B. Gibson, Public Defender, and Brynn Newton and Kenneth Witts, Asst. Public Defenders, Seventh Judicial Circuit, Daytona Beach, for petitioner.
Robert A. Butterworth, Atty. Gen. and Sean Daly, Asst. Atty. Gen., Daytona Beach, for respondent.
BARKETT, Justice.
We have for review Poore v. State, 503 So.2d 1282 (Fla. 5th DCA 1987), based on express and direct conflict with Brooks v. State, 478 So.2d 1052 (Fla. 1985); Hill v. State, 486 So.2d 1372 (Fla. 1st DCA 1986); Lynch v. State, 491 So.2d 1169 (Fla. 4th DCA 1986); and Crosby v. State, 487 So.2d 416 (Fla. 2d DCA 1986). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We have accepted jurisdiction to clarify the law governing split sentences.
Petitioner was classified a youthful offender and sentenced on September 9, 1982 to four-and-one-half years in the Department of Corrections. However, the trial court directed that petitioner would be confined for two-and-one-half years, with the *163 remainder of the sentence suspended. During the suspended portion, petitioner would be on probation. As noted by the district court below, this constituted a "true split sentence." 503 So.2d at 1284.
In 1985, petitioner pled guilty to a probation violation and elected to be resentenced under the new sentencing guidelines. The trial court obliged and then concluded that the guidelines recommendation was any nonstate prison sanction.[1] It nevertheless imposed a sentence of incarceration for four-and-one-half years with credit for time served and gave written reasons for departing from the guidelines.
Petitioner appealed to the Fifth District, alleging an improper departure. The Fifth District reversed and vacated the sentence, not because it was an improper departure sentence, but because "it should not have been imposed at all." 503 So.2d at 1283. The district court held that petitioner could only be incarcerated for the remainder of the original split sentence. It reasoned that the defendant already had been sentenced and the trial court thus lacked the authority to impose a second sentence. 503 So.2d at 1285-86.
This rationale again was applied in Wayne v. State, 513 So.2d 689 (Fla. 5th DCA 1987). There, however, the district court precluded the "resentencing" of a defendant who had violated probation imposed pursuant to a second kind of split sentence, which, for convenience, we will call a "probationary split sentence." That is, the defendant in Wayne was sentenced to a period of incarceration, none of which was suspended, followed by a period of probation.
After the decisions in Poore and Wayne, the Fifth District, sitting en banc, reconsidered this issue in Franklin v. State, 526 So.2d 159 (Fla. 5th DCA 1988) (en banc). The en banc court in Franklin receded from dicta in Poore and Wayne suggesting that section 948.06(1), Florida Statutes (1987),[2] violated double jeopardy when applied to violations of probation where either a true split sentence or a probationary split sentence had been imposed. We agree with the court in Franklin that double jeopardy does not forbid the imposition of a longer period of incarceration when a petitioner violates probation in a probationary split sentence, the kind of sentence employed in Wayne.
It is well-settled in federal law that jeopardy has attached when a prisoner begins serving a sentence, such that the original sanction may not be increased based solely on the same facts at issue in the trial. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). However,
[a] trial judge is not constitutionally precluded . .. from imposing a new sentence, whether greater or less than the original sentence, in the light of events subsequent to the first trial that may have thrown new light upon the defendant's `life, health, habits, conduct, and mental and moral propensities.'
Id. at 723, 89 S.Ct. 2079. (quoting Williams v. New York, 337 U.S. 241, 245, 69 S.Ct. 1079, 1082, 93 L.Ed. 1337 (1949)). In essence, the Supreme Court required that a new fact be produced that was not before the court at the original sentencing. Based upon this principle, the Fifth Circuit has concluded that
[w]hen a greater sentence is imposed upon the revocation of probation, it can be based upon the defendant's subsequent conduct demonstrating his lack of amenability to reform.
*164 Williams v. Wainwright, 650 F.2d 58, 61 (5th Cir.1981). We ourselves have held that
a trial judge who previously sentenced a defendant to a term of years less than the maximum allowable by law, may, after a new trial wherein defendant is placed on probation, impose for violation of the terms of probation, any sentence up to the maximum which could have been originally imposed.
Scott v. State, 326 So.2d 165, 166 (Fla.), cert. denied, 429 U.S. 836, 97 S.Ct. 104, 50 L.Ed.2d 103 (1976). Such a resentencing does not violate the prohibition against double jeopardy. Williams, 650 F.2d at 61; State v. Payne, 404 So.2d 1055 (Fla. 1981). Provided there is a relevant new fact not previously considered, the trial court constitutionally is permitted to impose a greater sentence, as authorized by section 948.06.
The question thus becomes what facts were considered by the trial court at the original sentencing. This requires an examination of which one of five available sentencing options the judge has chosen.
Initially, we agree with Judge Cowart's distinction between two of these options, a true split sentence and probation with a condition of confinement, or a Villery sentence. See Villery v. Florida Parole & Probation Comm'n, 396 So.2d 1107 (Fla. 1981). Judge Cowart correctly noted that upon violation of probation in a Villery sentence, the trial court may impose whatever sentence it originally could have pronounced, which it may not do in a true split sentence. 503 So.2d at 1284. We cannot agree, however, that under our present law there is only one kind of split sentence, as Judge Cowart suggested. Such a conclusion would render meaningless the alternative split sentence provision in Florida Rule of Criminal Procedure 3.986. Rather, we agree with the Franklin court's analysis, which recognized that
Rule 3.986, rather than being an error, was in fact a clarification of the two separate split sentence alternatives available to the courts. While a judge may clearly withhold a portion of a term of imprisonment and place a defendant on probation for the withheld portion with the understanding that upon revocation of probation, the withheld portion of the sentence will reactivate, this is not the only possible sentencing alternative. In such circumstances, a judge is limited to merely recommitting the defendant to the balance of the preset term of incarceration upon a violation of probation. However, in sentencing a defendant to incarceration followed by probation, the court is limited only by the guidelines and the statutory maximum in punishing a defendant after a violation of probation.
526 So.2d at 162-63.
Thus, we conclude that a judge has five basic sentencing alternatives in Florida: (1) a period of confinement; (2) a "true split sentence" consisting of a total period of confinement with a portion of the confinement period suspended and the defendant placed on probation for that suspended portion; (3) a "probationary split sentence" consisting of a period of confinement, none of which is suspended, followed by a period of probation; (4) a Villery sentence, consisting of period of probation preceded by a period of confinement imposed as a special condition; and (5) straight probation.
If the defendant violates his probation in alternatives (3), (4) and (5), section 948.06(1) and Pearce permit the sentencing judge to impose any sentence he or she originally might have imposed, with credit for time served and subject to the guidelines recommendation.
However, if alternative (2) is used as the original sentence, the sentencing judge in no instance may order new incarceration that exceeds the remaining balance of the withheld or suspended portion of the original sentence. Section 948.06(1) would not apply in this latter instance because no new fact would be available for consideration by the sentencing judge. See Pearce. The possibility of the violation already has been considered, albeit prospectively, when the judge determined the total period of incarceration and suspended a portion of that sentence, during which the *165 defendant would be on probation. In effect, the judge has sentenced in advance for the contingency of a probation violation, and will not later be permitted to change his or her mind on that question.
We stress, however, that the cumulative incarceration imposed after violation of probation always will be subject to any limitations imposed by the sentencing guidelines recommendation. We reject any suggestion that the guidelines do not limit the cumulative prison term of any split sentence upon a violation of probation. To the contrary, the guidelines manifestly are intended to apply to any incarceration imposed after their effective date, whether characterized as a resentencing or revocation of probation. See § 921.001(4)(a), Fla. Stat. (1987). They thus must be applied to the petitioner in this instance, albeit within the context of the previously imposed true split sentence.
To hold otherwise would permit trial judges to disregard the guidelines merely by imposing a true split sentence, as provided in alternative (2). For example, in a case where the statutory maximum was 25 years and the guidelines range was 5 to 7 years, a trial court could impose a split sentence of 25 years, with the first 7 years to be served in prison and the remaining 18 suspended, with the defendant on probation. Upon violation of probation, the trial court then simply could order the incarceration of the defendant for the balance of the 18-year probationary period, notwithstanding any lesser recommended guidelines range. Such an analysis not only would defeat the purpose of the sentencing guidelines, but would destroy them altogether. Obviously, this result never was intended when the guidelines permitted the probationary portion to exceed the recommended range.
Accordingly, for the reasons expressed here, we agree with the district court's determination that petitioner's sentence must be vacated. Petitioner originally was sentenced to a true split sentence totaling four-and-one-half years, with two years of the total sentence suspended. The trial court specifically provided for the contingency of a violation during the probationary period, and expressly stated that if the defendant violated the conditions of his probation "the court may revoke your probation and require you to serve the balance of said sentence." Under the rationale in Pearce, the trial court will not now be permitted to alter this determination. Upon remand, the trial court shall not be permitted to order petitioner's incarceration for any period exceeding either the guidelines recommendation or the remainder of the original split sentence, whichever is less. We disapprove the opinion below and the opinion in Wayne to the extent they are inconsistent with the views expressed above.
It is so ordered.
SHAW, GRIMES and KOGAN, JJ., concur.
McDONALD, J., dissents with an opinion, in which EHRLICH, C.J., and OVERTON, J., concur.
McDONALD, Justice, dissenting.
I write solely to disagree on what should happen to Poore on remand. Sentencing guidelines should not enter the discussion of the appropriate prison time required of Poore because they are inapplicable to him. Poore committed his crime and was sentenced therefor in 1982, prior to the adoption of sentencing guidelines. It is true that he violated the terms of his probation after the effective date of the guidelines, but that is not determinative in his case. Section 921.001(4)(a), Florida Statutes (1987), allows the election of guidelines for felonies committed prior to October 1, 1983 for which sentencing occurs after October 1. Poore had been sentenced before October 1, 1983 and, hence, he did not have the option of a guidelines recommendation for violating the probation part of his split sentence which had been imposed prior to October 1, 1983. I agree with Judge Cowart's view as expressed in the opinion under review that this was a true split sentence and that no new sentence could be imposed when Poore violated the terms of probation. Poore committed no new crime; *166 he violated his probation by failing to remain employed and by leaving the state without permission. In the revocation proceeding the judge was limited to modifying that part of the previously imposed sentence which suspended a portion of the four-and-one-half-year sentence. He could continue probation or require all or part of the remaining unserved sentence to be completed by incarceration. Because the trial judge obviously intended to require additional jail time in excess of the two years' probation, the judgment of the district court authorizing the imposition of additional incarceration, but limiting it to the unserved portion of the four-and-one-half-year sentence, was correct.
EHRLICH, C.J., and OVERTON, J., concur.
NOTES
[1] This conclusion was erroneous. Our decisions, as well as Florida Rule of Criminal Procedure 3.701(d)(14), permit a one-cell upward departure upon a probation violation without requiring a reason for the departure. See State v. Pentaude, 500 So.2d 526, 528 (Fla. 1987).
[2] Section 948.06(1), Florida Statutes (1987), provides in pertinent part:

If such probation or community control is revoked, the court shall adjudge the probationer or offender guilty of the offense charged and proven or admitted, unless he has previously been adjudged guilty, and impose any sentence which it might have originally imposed before placing the probationer or offender on probation or into community control.
(Emphasis added.)