PER CURIAM.
This is an appeal of an order requiring the defendant to pay restitution as part of his probation after a criminal conviction for theft. We reverse.
The defendant/appellant, Michael Rudd, was charged with burglary of certain property. Rudd entered into a plea agreement which provided that he would be placed on community control for eighteen months, with the special condition of probation that he would be placed into a Restitution Center and remain until restitution was paid. The agreement also provided that the amount of restitution was to be decided by the court. A hearing to determine the amount of restitution was set for February 9, 1988 but the victim, for various reasons, did not appear on that date to testify as to the value of the property which had been stolen. The court held a hearing and entered an order setting restitution at $700. Thereafter Rudd began paying restitution. Subsequently upon motion by the state the court set another hearing to redetermine the amount of restitution. At this second hearing the victim did appear and testified as to the value of the property taken. The trial court entered a new order of restitution in the amount of $5,355. However by this time the defendant had already completed payment of the $700 required by the previous order. It is well established that jeopardy attaches when a prisoner begins serving a sentence, such that the original sanction may not be increased based solely on the same facts at issue in the trial. See generally Poore v. State, 531 So.2d 161 (Fla.1988). Restitution orders which are part of the sentence of community control are criminal in nature and thus the trial court could not impose a new sentence unless there was new evidence, subsequent to the first hearing, which threw light upon the matter. Here there was no new evidence. The state had merely failed to give the court all of the available evidence at the time of the original restitution adjudication. Thus, the subsequent order violated the ban on double jeopardy.
REVERSED.
DELL, WALDEN and POLEN, JJ., concur.