CONFESSION OF ERROR
LEVY, Judge.
Defendant below alleges an improper departure sentence following violation of an earlier-imposed sentence of community control. Upon the State’s confession of error, and our own independent review of this case, we reverse and remand.
In February, 1989, appellant Roy Hamilton was convicted and adjudicated guilty of possession of a firearm by a convicted felon. Imposition of sentence was suspended, and he was placed on community control for two years. After Hamilton’s community control officer twice found him violating a condition of his community control, the officer petitioned to revoke it, alleging only appellant’s failure to comply with certain *306 conditions of his community control. No new substantive charges were filed. The guideline scoresheet sentence for the underlying possession-of-a-firearm conviction, under Section 790.23, Florida Statutes (1987), was 12-30 months incarceration. The trial court revoked appellant’s community control and sentenced him to five years in state prison, listing as its reasons for departure the appellant’s recent release from federal custody and the brief period of time during which appellant was on community control prior to the instant community control violation. This appeal follows.
Appellant contends and the State concedes that, under the facts of this case, the trial court could properly depart only one cell from the 12-30 month incarceration sentence imposed for the underlying crime, thereby allowing an upward departure sentence of between 2½ — 3½ years of incarceration. The trial court’s five year sentence, then, was an upward departure of more than one cell and, therefore, con-cededly illegal. See Fla.R.Crim.P. 3.701(d)14; see generally Poore v. State, 531 So.2d 161 (Fla.1988).
Reversed and remanded.