557 So.2d 199 (1990)
Ronald OWENS, Appellant,
v.
STATE of Florida, Appellee.
Nos. 89-03075, 90-00025.
District Court of Appeal of Florida, Second District.
February 21, 1990.
ALTENBERND, Judge.
Ronald Owens appeals the denial of two motions for postconviction relief, both dealing with the proper credit for time served prior to his present prison sentence. We reverse for two reasons. First, the record fails to conclusively demonstrate that Mr. Owens is entitled to no relief. Second, the record suggests that he received an excessive sentence upon violation of community control.
In April 1987, Mr. Owens pled nolo contendere to armed robbery and received a nine-year sentence, the last two years of which were suspended in favor of community control. Prior to April 1987, while awaiting sentencing, Mr. Owens spent 242 days in the county jail. He received credit for this time on his sentence. Following sentencing, he served approximately 529 days in prison and was released. Upon release, Mr. Owens began his two years of community control. Shortly thereafter he violated community control. On December 6, 1988, the trial court sentenced Mr. Owens to nine years' imprisonment because of the violation. He is presently serving this sentence.
*200 The precise credits which Mr. Owens received on his sentence in December 1988 are not entirely clear. It is clear, however, that the amount is considerably less than the amount Mr. Owens requested in his motions for postconviction relief. In his motions, Mr. Owens argued that State v. Green, 547 So.2d 925 (Fla. 1989), entitled him to a full seven years of credit time because he had been released from prison based on calculations of actual time served, and gain time, which totaled seven years.
In response to Mr. Owens's motions, the trial court obtained documentation from the Department of Corrections which described its method of calculating Mr. Owens's provisional release date for his present sentence. These documents specify various types of gain time that have been deducted from the sentence. For reasons that are not clear to this court, the various deductions do not total seven years. The trial court accepted the department's calculations as the maximum credit mandated by Green and refused to award Mr. Owens a full seven years.
It would seem that the department's calculations should necessarily total seven years if the department properly released Mr. Owens from prison. Our independent analysis of the department's documents suggests that Mr. Owens's original sojourn in prison may have been overlooked when the department calculated his release date. In any event, the limited record before this court does not conclusively demonstrate that Mr. Owens is entitled to no relief.
More importantly, the record suggests that this case is not controlled by Green and that Mr. Owens could only be sentenced to a maximum of two years' imprisonment upon violation of community control. Mr. Owens appears to be serving a "true split sentence" as defined in Poore v. State, 531 So.2d 161 (Fla. 1988). The record on appeal for this summary denial of a motion for postconviction relief does not contain copies of Mr. Owens's sentences. Nevertheless, both Mr. Owens's motions and the trial court's order denying the motions describe a true split sentence. If these descriptions are correct, "the sentencing judge in no instance may order new incarceration that exceeds the remaining balance of the withheld or suspended portion of the original sentence." Poore, 531 So.2d at 164. Thus, Mr. Owens may be entitled to receive a two-year sentence with credit applied only for the time served after his arrest for violating community control.
On remand, the trial court should undertake the following two-step analysis. First, it should examine the files and records in this case to determine whether we have accurately characterized Mr. Owens's original sentence as a true split sentence. If so, the present sentence should be corrected consistent with this opinion and with Poore. If the sentence is not determined to be a true split sentence, the documents from the Department of Corrections should be reexamined and, if necessary, a hearing conducted to assure that the department has accounted for the previous prison sentence. In the event the trial court again denies Mr. Owens's motions, it should attach to its order those exhibits relied upon in support of that result, including his prior and present sentences.
Reversed and remanded for further proceedings consistent herewith.
LEHAN, Acting C.J., and HALL, J., concur.