559 So.2d 1121 (1990)
Johnnie Lee FRAZIER, Petitioner,
v.
STATE of Florida, Respondent.
No. 73082.
Supreme Court of Florida.
April 5, 1990.
Barbara Linthicum, Public Defender, and Maria Ines Suber, Asst. Public Defender, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and Gary L. Printy, Asst. Atty. Gen., Tallahassee, for respondent.
McDONALD, Justice.
In Frazier v. State, 530 So.2d 986 (Fla. 1st DCA 1988), the district court certified the following question as being of great public importance:
Whether jury instructions based on the statutory presumptions contained in § 316.1934(2)(c) constitute unconstitutional mandatory rebuttable presumptions.
Id. at 989.[1] The district court held subsection 316.1934(2)(c), Florida Statutes (Supp. 1986), regarding blood alcohol level, unconstitutional, but, applying the harmless error test, affirmed Frazier's DUI manslaughter conviction. We recently held subsection 316.1934(2)(c) constitutional. State v. Rolle, 560 So.2d 1154 (Fla. 1990). Therefore, we answer the certified question *1122 in the negative and approve the result reached by the district court, but quash that portion of its opinion dealing with this issue.
Frazier raises two other issues,[2] only one of which we discuss. In 1980 a trial court sentenced Frazier to ten years' imprisonment on a sexual battery charge. The court ordered that Frazier serve the first five years and suspended the second five years, placing Frazier on probation for that five-year period. Thus, Frazier's 1980 sentence constituted "a `true split sentence' consisting of a total period of confinement with a portion of the confinement period suspended and the defendant placed on probation for that suspended portion." Poore v. State, 531 So.2d 161, 164 (Fla. 1988).
Frazier's later DUI manslaughter conviction produced a recommended guidelines sentence of seventeen to twenty-two years. The maximum statutory sentence for that offense is fifteen years, however, and the trial court sentenced Frazier to fifteen years' imprisonment on that conviction. The court also revisited Frazier's 1980 sentence because the DUI manslaughter conviction constituted a probation violation. The court resentenced Frazier to ten years' imprisonment on the 1980 conviction with credit for time served. Frazier is entitled to a full five-year credit on his original sentence. State v. Green, 547 So.2d 925 (Fla. 1989).
Contrary to Frazier's current claim, he did not receive a twenty-five-year sentence. His resentencing on the 1980 conviction is consistent with Poore because the court did not "order new incarceration that exceed[ed] the remaining balance of the withheld or suspended portion of the original sentence." 531 So.2d at 164. We therefore approve the district court's affirmance of both the fifteen-year sentence and the ten-year, with credit for five years served, sentence.
It is so ordered.
EHRLICH, C.J., and OVERTON and KOGAN, JJ., concur.
GRIMES, J., concurs with an opinion, in which SHAW and BARKETT, JJ., concur.
GRIMES, Justice, concurring.
While I agree with the outcome of this case, I cannot totally agree with the reasoning by which the result was reached.
In Poore v. State, 531 So.2d 161 (Fla. 1988), which also involved a "true split sentence," we pointed out that "the cumulative incarceration imposed after violation of probation always will be subject to any limitations imposed by the sentencing guidelines recommendation." Id. at 165. As expressed in his dissenting opinion, only Justice McDonald believed that this rationale is inapplicable where the original sentencing occurs prior to the adoption of the guidelines.
The single guidelines scoresheet which was prepared for Frazier's DUI manslaughter and sexual battery convictions called for a recommended guidelines sentence of seventeen to twenty-two years. Therefore, at first blush it would appear that Frazier's cumulative sentence of twenty-five years exceeded the guidelines. However, because a probation violation was involved, the judge was authorized to impose a sentence within the next higher cell. See Peters v. State, 531 So.2d 121 (Fla. 1988) (where defendant is sentenced for violation of probation and new crime, points may be scored for legal constraint, and the judge may also "bump" the sentence one cell). Because the next higher guidelines cell was twenty-two to twenty-seven years, the twenty-five-year sentence was proper.
SHAW and BARKETT, JJ., concur.
NOTES
[1] We have jurisdiction pursuant to art. V, § 3(b)(4), Fla. Const.
[2] As did the district court, we find no merit to his claim that the trial court erred in not instructing the jury that the victim's not wearing a seatbelt constituted a defense to the charge against Frazier.