W. SHARP, Judge.
Wright appeals from a sentence of fifty years in prison to be served consecutive to another sentence imposed earlier the same day.[1] The only reason given by the trial judge for imposing the departure sentence (beyond the permitted one year bump-up for violation of probation) was that Wright had committed another robbery while he was on probation for armed robbery in this case. We quash the sentence and remand for resentencing within the one cell permitted bump-up.
In this case, Wright was charged in 1986 with armed robbery and aggravated assault. He pled guilty to armed robbery and received a sentence of 3V2 years in prison and 5 years on probation. He then violated his probation by committing new substantive offenses, and probation was revoked. He was sentenced for the 1986 armed robbery in this proceeding. He had received a 12 year sentence earlier in the day for the new substantive offenses.
The state questions whether from the record we can determine that Wright received a “probationary split sentence.”[2] Defense counsel had argued at sentencing that Poore[3] prohibited any further incarceration. But on appeal, appellant has changed tactics and argues that he received a probationary split sentence, and that the limits of Poore apply. Poore v. State, 531 So.2d 161 (Fla.1988). We agree.
The sentencing form in the record recites that Wright was sentenced for a term of 3½ years, and the box is checked for the split sentence provision which provides: “followed by a period of 5 years on probation....” The box below that provision was not checked. It provides: “[hjowever, after serving a period of ___ imprisonment in _, the. balance of such sentence shall be suspended and the defendant shall be placed on probation for a period of _” The first box which was employed here is clearly a “probationary split sentence.” The latter box would have resulted in a “true split sentence,” and possible additional time limits on the sentence which could be legally imposed after violation of probation. Poore.
Since Wright’s sentence was a “probationary split sentence,” after violation of probation he could be sentenced to any sentence the court could have originally imposed, with credit for time served, subject to the guidelines. Poore. The guideline sentence for Wright in this case was a maximum of 3V2 years to 4V2 years. The next range was 4V2 years to 5⅛ years or 7 years if the permitted range is applicable. No further departure beyond the one cell bump-up is permissible in sentencing after violation of probation, in this case. Franklin v. State, 545 So.2d 851 (Fla.1989); Lambert v. State, 545 So.2d 838 (Fla.1989).
QUASH SENTENCE; REMAND FOR RESENTENCING.
DANIEL, C.J., and HARRIS, J., concur.

.Neither party has questioned whether or not Wright should have been sentenced for both convictions via a combined scoresheet; and we can only guess whether or not Wright’s total sentence would or would not have been more severe in such a case. His sentence in the other case has not been appealed.

. See definitions in Poore v. State, 531 So.2d 161 (Fla.1988). Under a true split sentence, upon a violation of probation the judge may not order new incarceration which exceeds the remaining balance of the withheld or suspended portion of the sentence.

. Poore v. State, 531 So.2d 161 (Fla.1988).