PATTERSON, Judge.
Hollimon challenges his resentencing upon violation of probation. Hollimon pled guilty to murder in the second degree. On November 22, 1983, the trial court sentenced him to ten years’ incarceration, the last five years of which were suspended and to be served as probation — a “true” split sentence. After having served the incarcerative portion of the sentence, Holli-mon was placed on probation.
By affidavit dated June 28, 1988, he was charged with violations of probation to which he pled nolo contendere. Upon revocation of probation, the trial judge sentenced Hollimon to seventeen years’ incarceration, a sentence falling within the guidelines.
Hollimon contends that the trial court was limited to a sentence not to exceed the unserved balance of the original ten years’ sentence. We agree. After having received a “true” split sentence, the trial court “in no instance may order new incarceration that exceeds the remaining balance of the withheld or suspended portion of the original sentence.” Poore v. State, 531 So.2d 161, 164 (Fla.1988).
Reversed and remanded for resentenc-ing.
HALL, A.C.J., and PARKER, J., concur.