581 So.2d 936 (1991)
Chuck BROWN, Appellant,
v.
STATE of Florida, Appellee.
Nos. 90-761, 90-2932.
District Court of Appeal of Florida, First District.
June 11, 1991.
Craig DeThomasis of the Law Offices of Silverman, Wilcox, DeThomasis & Buchanan, Gainesville, for appellant.
Robert A. Butterworth, Atty. Gen., and Laura Rush, Asst. Atty. Gen., for appellee.
ERVIN, Judge.
Appellant Chuck Brown appeals his twenty-five year sentences for a number of offenses and for violating probation and community control. His guidelines score was 253, which results in a recommended range of twelve to seventeen years in prison and a permitted range of nine to twenty-two years. For Brown's violations of probation, the trial court increased the incarcerative term one cell to the permitted range of twelve to twenty-seven years, and sentenced Brown to twenty-five years in prison. Brown claims that the trial court had the discretion to extend the term only into the recommended range, but not into the permitted range. We disagree and affirm.
No Florida court appears to have directly ruled on the issue appellant raises, although several decisions reflect that other courts approve of bumping up into the permitted range. See, e.g., Washington v. State, 564 So.2d 168 (Fla. 5th DCA 1990); Wright v. State, 560 So.2d 1371 (Fla. 5th DCA 1990). Florida Rule of Criminal Procedure 3.701(d)(8) explains the terms "recommended range" and "permitted range":

Guidelines Ranges: The recommended sentences provided in the guidelines grids are assumed to be appropriate for the composite score of the offender. A range is provided in order to permit *937 some discretion. The permitted ranges allow the sentencing judge additional discretion when the particular circumstances of a crime or defendant make it appropriate to increase or decrease the recommended sentence without the requirement of finding reasonable justification to do so and without the requirement of a written explanation.
Subsection (d)(14) authorizes the one-cell increase under the following circumstances:
Sentences imposed after revocation of probation or community control must be in accordance with the guidelines. The sentence imposed after revocation of probation or community control may be included within the original cell (guidelines range) or may be increased to the next higher cell (guidelines range) without requiring a reason for departure.
Because subsection (d)(14) permits a bump-up to the next higher cell within the guidelines range, and the definition of "guidelines range" in subsection (d)(8) includes permitted as well as recommended sentences, we hold that the trial court has the discretion to sentence a defendant within the increased permitted range after violation of probation or community control.
AFFIRMED.
WIGGINTON, J., and WENTWORTH, Senior Judge, concur.