WENTWORTH, Senior Judge.
Appellant appeals his two concurrent 15 year sentences for violation of probation based on Poore v. State, 531 So.2d 161 (Fla.1988). We agree that the trial court erred in resentencing appellant.
In Poore v. State, the Florida Supreme Court discussed five different sentencing alternatives and explained that a “true split sentence” consists of a total period of confinement with a portion of the confinement period suspended and the defendant placed on probation for that suspended portion. 531 So.2d at 164. The court held that a sentencing judge cannot impose a sentence upon violation of probation which exceeds the remaining balance of the withheld or suspended portion of the original sentence. Id.
In the present case, appellant initially pled guilty to two counts of attempted capital sexual battery and was sentenced to 15 years on each offense, suspended after three years incarceration, with the balance of the 15 years to be served by 12 years of probation. This initial sentence was a “true split sentence” pursuant to Poore. Therefore the trial court in resentencing appellant upon violation of probation could not impose a sentence which exceeds the 12 year balance of the suspended sentence. Accordingly, we reverse appellant’s sentence and remand the cause to the trial *95 court with directions to resentence appellant in accordance with Poore v. State.
BOOTH and NIMMONS, JJ., concur.