ON MOTION FOR REHEARING EN BANC
This matter was previously before us and resulted in an en banc opinion published at 16 F.L.W. D2962 (Fla. 5th DCA Nov. 29, 1991). While we were considering this motion timely filed by the State, the Florida Supreme Court released its opinion in State v. Stafford, 593 So.2d 496 (Fla.1992).
It is, of course, our obligation to apply the law announced by the supreme court. A fair reading of Stafford indicates that it is dispositive of this case. Accordingly, we recede from the ruling in our en banc opinion and affirm.
One fact, however, distinguishes this case from Stafford and, we believe, justifies further review by the supreme court. In Stafford, the defendant was placed on straight probation after his earlier offense. Since probation is not a “sentence” in the true sense of the word,[1] it can be argued that Stafford’s sentence was deferred until his violation was established and thus he was before the court “for sentencing” at the same time he was being sentenced for the subsequent offense.
In the present case, Fletcher was originally sentenced to a true split sentence: fifteen years, but after three years of incarceration to be released to serve the remainder on probation. His violation occurred after he had spent three years in prison on that earlier sentence.
Judge Cowart, in his dissent to our en banc opinion, ably discusses the problem created by the factual distinction between this case and Stafford and suggests a series of certified questions. We adopt his analysis of the problem created by the true split sentence and certify his proposed questions to the Florida Supreme Court as questions of great public importance.
AFFIRMED.
GOSHORN, C.J., and DAUKSCH, COBB, W. SHARP, COWART, PETERSON, GRIFFIN and DIAMANTIS, JJ., concur.

. The Florida Supreme Court did refer to it as one of the “sentencing alternatives” in Poore v. State, 531 So.2d 161 (Fla.1988).