595 So.2d 976 (1992)
Harry HICKS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-615.
District Court of Appeal of Florida, First District.
February 27, 1992.
Nancy A. Daniels, Public Defender, Steven A. Rothenburg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Charlie McCoy, Asst. Atty. Gen., for appellee.
WEBSTER, Judge.
Appellant, defendant below, presents two issues: whether it was error to impose a greater sentence for a violation of probation than that originally imposed upon him as an habitual felony offender; and whether he should be permitted to withdraw his original plea. We conclude that only the former issue merits discussion, and that neither issue requires reversal. Therefore, we affirm.
*977 Having pleaded no contest to the charge of possession of cocaine, on July 27, 1989, appellant was adjudicated guilty of that offense; found to be an habitual felony offender; and sentenced to thirty months in prison, to be followed by thirty months' probation.[*] Appellant completed his prison term, and commenced the probationary portion of his sentence. After appellant had been on probation for approximately eight months, an affidavit was filed charging that he had violated the terms of his probation. Eventually, appellant admitted that he had violated the terms of his probation. The trial court revoked appellant's probation and sentenced him to six years in prison, as an habitual felony offender, giving appellant appropriate credit for time previously served. It is this 6-year sentence to which appellant objects.
According to appellant, Section 775.084(4)(d), Florida Statutes (1989), prohibits the imposition of an increased sentence for violation of probation over an original sentence imposed under the habitual offender statute. § 775.084, Fla. Stat. (1989). Section 775.084(4)(d) reads, in its entirety, that "[a] sentence imposed under this section shall not be increased after such imposition." In the twenty years since the original enactment of Section 775.084 (Ch. 71-136, § 5, Laws of Fla.), there has been no reported decision addressing the meaning of what is now subsection (4)(d).
There can be no dispute regarding the proposition that the principal purpose behind the habitual offender statute is to permit harsher penalties to be imposed upon recidivist offenders than could be imposed upon non-recidivists for the same offense. Eutsey v. State, 383 So.2d 219 (Fla. 1980); Perkins v. State, 583 So.2d 1103 (Fla. 1st DCA 1991). It is likewise clear that, had appellant not received his original "probationary split sentence" as an habitual offender, he could have received a more severe sentence when he violated his probation, as long as that sentence was one which might have been imposed originally, appellant received credit for all jail time served and the total term of incarceration did not exceed that recommended by the sentencing guidelines. Poore v. State, 531 So.2d 161 (Fla. 1988).
We agree with appellant that the intended meaning of subsection (4)(d) is not entirely clear from a literal reading of the words used. However, the meaning ascribed to the subsection by appellant is irreconcilable with the principal purpose of Section 775.084, of which it is a part. The meaning for which appellant argues would actually thwart the clear legislative intent to punish recidivists more harshly than non-recidivists in situations such as appellant's, where the defendant is sentenced, as an habitual offender, to a prison term to be followed by a period of probation. According to appellant's interpretation, in such a case the habitual offender could not be sentenced to any additional prison term upon a finding that he or she had violated probation, even though it is clear that, based upon Poore, a non-recidivist could be.
"It is a fundamental rule of statutory construction that legislative intent is the polestar by which the court must be guided, and this intent must be given effect even though it may contradict the strict letter of the statute." State v. Webb, 398 So.2d 820, 824 (Fla. 1981). "A statute should be construed to give effect to the evident legislative intent, even if the result seems contradictory to the rules of construction and the strict letter of the statute; the spirit of the law prevails over the letter." Garner v. Ward, 251 So.2d 252, *978 256 (Fla. 1971). To interpret subsection (4)(d) as appellant suggests would lead to a result clearly at odds with the spirit of Section 775.084, read as a whole. It would also defeat the purpose of that statute in such cases, and lead to an absurd result.
We find far more consistent with the purpose of the habitual offender statute the state's proffered explanation for the presence of subsection (4)(d). The state argues that when, in 1971, the legislature passed the habitual offender law, it included what is now subsection (4)(d) for the purpose of preventing in habitual offender cases the type of problem which had recently been addressed in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). The principal holding in Pearce is that, when a defendant who has successfully challenged his first conviction is again convicted after a new trial, his second sentence may be longer than the first; provided that the longer sentence is based solely upon identifiable conduct of the defendant which occurred after the original sentencing and it is clear that vindictiveness has played no part in the decision to impose a longer sentence. According to the state, to ensure that vindictiveness would play no role in resentencing after an initial conviction of an habitual offender had been set aside, and to render unnecessary the extensive findings mandated in such cases by Pearce; the legislature provided in subsection (4)(d) that, when resentencing an habitual offender after the initial conviction has been set aside, the trial court shall not increase the sentence originally imposed.
The state's interpretation of subsection (4)(d), unlike appellant's, is reconcilable with the overall legislative intent behind Section 775.084. It allows the principal purpose of the section to be carried out. It also avoids the absurd result which appellant's interpretation would require. Accordingly, we agree with, and adopt as our own, the interpretation urged by the state.
When appellant was originally found to be an habitual felony offender and sentenced for possession of cocaine, a third-degree felony [§ 893.13(1)(f), Fla. Stat. (1989)], he could have been sentenced to up to ten years in prison. § 775.084(4)(a)3., Fla. Stat. (1989). Accordingly, because the sentencing guidelines do not apply to habitual offender sentences [§ 775.084(4)(e), Fla. Stat. (1989)], upon violation of his probation, appellant could have been sentenced to ten years in prison, with credit for all time he had already served. Poore, supra. As the 6-year sentence imposed was well within the 10-year maximum, we affirm.
AFFIRMED.
ERVIN and KAHN, JJ., concur.
NOTES
[*] We recognize that some courts, noting that the findings required by the habitual offender statute (§ 775.084, Fla. Stat.) and by the probation statute (§ 948.01, Fla. Stat.) are mutually exclusive, have questioned whether probation, in any form, may be imposed under the former. See, e.g., Scott v. State, 550 So.2d 111 (Fla. 4th DCA 1989), review dismissed, 560 So.2d 235 (Fla. 1990); Shead v. State, 367 So.2d 264 (Fla. 3d DCA 1979). However, appellant has not raised this issue. Accordingly, we express no opinion as to it; or as to whether or not, having accepted the benefit of the original sentence which included probation, appellant has waived the right to challenge that sentence. See, e.g., Johns v. State, 596 So.2d 685 (Fla. 2d DCA 1992); King v. State, 373 So.2d 78 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1197 (Fla. 1980).