594 So.2d 351 (1992)
John Lee TOWNER, Appellant,
v.
STATE of Florida, Appellee.
No. 91-206.
District Court of Appeal of Florida, Fifth District.
March 6, 1992.
James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robin Compton Jones, Asst. Atty. General, Daytona Beach, for appellee.
GRIFFIN, Judge.
In 1989 appellant entered a plea of nolo contendere to charges of accessory after the fact to second degree murder and strong-arm robbery. He was adjudicated guilty of the robbery, but adjudication was withheld on the accessory charge. On the strong-arm robbery charge he was given a true split sentence of fifteen years, consisting of seven years imprisonment with the balance to be served on probation. On the accessory charge adjudication was withheld and appellant was placed on probation for five years consecutive to the sentence for the strong-arm robbery.
After release from incarceration, while appellant was on probation for the robbery, he was charged with burglary. Appellant pled nolo contendere to the burglary charge and admitted the violation of probation. Appellant was sentenced to five years incarceration on the accessory charge and nine years incarceration on the strong-arm robbery charge. On the new burglary, appellant was sentenced to four years.
This appeal concerns only the propriety of these sentences. We find no error except in the nine year sentence on the robbery charge. Having received a true split sentence, the maximum sentence available upon violation of probation was the balance of the probationary period. Poore v. State, 531 So.2d 161 (Fla. 1988).
We vacate the sentence for robbery (Case No. 87-6736) and remand for resentencing; otherwise the judgment and sentences are affirmed.
AFFIRMED in part; SENTENCE VACATED in part; REMANDED.
COBB and HARRIS, JJ., concur.