618 So.2d 797 (1993)
Cecelia WALLACE, Appellant,
v.
STATE of Florida, Appellee.
No. 91-03633.
District Court of Appeal of Florida, Second District.
May 28, 1993.
James Marion Moorman, Public Defender and Jennifer Y. Fogle, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Carl H. Hayes, Asst. Atty. Gen., Tampa, for appellee.
BLUE, Judge.
Cecelia Wallace (Wallace) seeks review of her sentence imposed upon a violation of probation. We reverse and remand for resentencing.
On December 11, 1988, Wallace was sentenced as a habitual offender on a grand theft charge. Her original sentence consisted of ten years' imprisonment with five years of the confinement period suspended and Wallace placed on five years' probation. This sentence was a "true split sentence." Poore v. State, 531 So.2d 161 (Fla. 1988).
*798 Following the completion of the prison term, Wallace began serving her probation. However, she violated her probation, whereupon the court revoked the probation and sentenced her to ten years in prison as a habitual offender with 949 days' credit for time actually served. This sentence was erroneously imposed. In a true split sentence, upon a violation of the probation, "the sentencing judge in no instance may order new incarceration that exceeds the remaining balance of the withheld or suspended portion of the original sentence." Poore, 531 So.2d at 164.
Accordingly, we reverse the sentence and remand for the court to impose a five year prison sentence, the suspended portion of the original sentence, with credit applied only for the time served, if any, after Wallace's arrest for violation of probation. See Owens v. State, 557 So.2d 199 (Fla. 1990).
HALL, A.C.J., and PARKER, J., concur.