BLUE, Judge.
Robert Evelio Gonzalez appeals the denial of his motion for posteonviction relief filed pursuant to Florida Rule of Criminal Procedure 8.850. We reverse because the record suggests that Gonzalez received an excessive sentence upon violation of community control.
Gonzalez entered a plea to a reduced charge of attempted sexual battery and received a 22-year suspended sentence and 10 years of probation. That sentence was later modified to a suspended sentence of 22 years, six months in the county jail, a sex offender treatment program, and two years of community control followed by ten years of probation. When Gonzalez violated his community control, he was sentenced to 22 years in prison followed by eight years of probation.
Gonzalez’ original sentence appears to be a “true split sentence” as defined in Poore v. State, 531 So.2d 161 (Fla.1988). If so, “the sentencing judge in no instance may order new incarceration that exceeds the remaining balance of the withheld or suspended portion of the original sentence.” Poore, 531 So.2d at 164. Therefore, it appears that the sentencing judge incorrectly added eight years of probation to Gonzalez’ sentence when he violated his community control.
The sentences are not contained in the record on appeal. On remand, the trial court shall review the files and record to determine whether Gonzalez’ original sentence was, in fact, a true split sentence. If it was, the present sentence should be corrected consistent with this opinion and with Poore. If the trial court determines that the original sentence was not a true split sentence, it may again deny Gonzalez’ motion. In the event the trial court denies the motion, it should attach to its order those portions of the record and files relied upon in support of that result, including prior and present sentences. See Owens v. State, 557 So.2d 199 (Fla. 2d DCA 1990).
As to the remaining grounds presented in the posteonviction relief motion, we affirm.
Reversed in part, affirmed in part, and remanded for further proceedings.
THREADGILL, A.C.J., and FULMER, J., concur.