WHATLEY, Judge.
Donald Stackhouse challenges the sentences he received following his violation of probation. We reverse and remand for re-sentencing.
Stackhouse was charged by amended information in count one with engaging in sexual activity with a child and in count two with attempted sexual battery. Stackhouse was sentenced on count one to twenty years’ prison to be suspended after three years and probation to be imposed during the suspended term. He was sentenced on count two to five years’ prison to be suspended after three years and two years’ probation. The two sentences were ordered to run concurrently. Both sentences were true split sentences. See Poore v. State, 531 So.2d 161 (Fla.1988).
Upon a violation of probation of a true split sentence, the trial court may not order new incarceration that exceeds the remaining balance of the suspended term. Wallace v. State, 618 So.2d 797 (Fla.2d DCA 1993). Stackhouse’s resulting suspended terms were seventeen years’ prison and two years’ prison for counts one and two, respectively. Following the violation of probation, the trial court gave Stackhouse credit for time served and sentenced him to imprisonment for twenty years and five years, respectively. Therefore, the trial court erred in sentencing Stackhouse beyond the suspended terms.
Accordingly, we reverse the sentence and remand for the trial court to impose a seventeen-year prison sentence for count one and a two-year prison sentence for count two, with credit to be applied only for the time Stackhouse served, if any, after his arrest for violation of probation. See Wallace.
DANABY, A.C.J., and ALTENBERND, J., concur.