BLUE, Judge.
We affirm the appellant’s convictions and sentences for capital sexual battery and attempted capital sexual battery. We reverse the sentence imposed on the violation of probation charge.
The original sentence on the charge underlying the violation of probation was a “true split sentence” consisting of nine years in prison, with the confinement period suspended after three years and the remaining six years to be spent on probation. See Poore v. State, 531 So.2d 161 (Fla.1988). Upon the violation of probation, the trial judge could not impose a new period of incarceration which exceeded the remaining balance of the suspended portion of the original sentence. See Poore, 531 So.2d at 164. Here, on sentencing the appellant for the violation of probation, the court erred by imposing fifteen years’ incarceration. Accordingly, we reverse only the sentence imposed in the violation of probation case (circuit court case no. 90-16556) and remand for resentencing in accordance with Poore. The appellant does not need to be present for the resentencing.
Affirmed in part, reversed in part, and remanded for resentencing on circuit court case no. 90-16556.
ALTENBERND, A.C.J., and NORTHCUTT, J., concur.