W. SHARP, Judge.
Auriemme appeals from an order rendered by the trial court which denied his motion, filed pursuant to Florida Rules of Criminal Procedure 3.800(a) and 3.850, to correct his alleged unlawful sentence which became final on February 15, 1995. (Date the appellate court mandate issued.) We affirm.
His motion filed pursuant to rule 3.850 is barred by the two year statute of limitations period.[1] Because he previously filed a motion pursuant to Rule 3.850 in 1995, which was denied, the motion is also improper because it is successive.
No relief is appropriate pursuant to rule 3.800(a), because the kind of sentence Auriemme received, a probationary split sentence, which he challenges as illegal, has been expressly approved by the Florida Supreme Court. See Poore v. State, 531 So.2d 161 (Fla.1988). Upon revocation of probation as occurred in this case, a defendant can be sentenced to any term that may have originally been imposed, with credit for time served and subject to the limitations of the guidelines. Auriemme was sentenced to a life term for three sexual batteries — the statutory maximum for the offenses. See § 794.011(3) Fla. Stat. (1997).
AFFIRMED.
COBB and ANTOON, JJ., concur.

. Fla. R.Crim. P. 3.850(b).