PER CURIAM.
Max E. Sizelove challenges the trial court’s denial of his motion to correct illegal sentence. The trial court’s order fails to refute one of Sizelove’s two claims, and, accordingly, we reverse.
Sizelove alleges that his life sentence was imposed after a violation of the probationary portion of a true split sentence, and that the trial court was properly confined to a sentence of only fifteen years, the number of years of his initial prison sentence which was suspended. Under the dictates of Poore v. State, 531 So.2d 161 (Fla.1988), if Sizelove was in fact given a true split sentence involving a suspended fifteen-year prison term, he may be entitled to relief. The trial court in denying the motion improperly reads Poore to permit a trial court to impose any sentence after probation is revoked which the court could have considered initially. In the case of true split sentences, this is precisely what Poore disallows.
We solicited a response from the State, which argued that Sizelove was never in fact given a true split sentence, and it provided an appendix of documents which tends to substantiate this claim. We entered an order supplementing the court’s order of denial with these documents, which we now vacate on the basis of Wheeler v. State, 634 So.2d 213 (Fla. 4th DCA 1994), and McClain v. State, 629 So.2d 320 (Fla. 1st DCA 1993). Appendices supplied by the State in a response to the appellate court are not a substitute for documents attached to an order denying postconviction relief.[1]
We reverse the denial of the motion regarding Sizelove’s assertion that his life sentence violates the principles of Poore, and affirm on the balance of his claims.
Affirmed in part, reversed in part, and remanded.
THREADGILL, A.C.J., and PATTERSON and ALTENBERND, JJ., concur.

. We forewarn, the trial court that a thorough examination of the sentencing documents in this case discloses an anomaly which may critically infect Sizelove’s sentence. At his initial sentencing on these two charges (kidnapping and lewd and lascivious act), his judgment and sentence reflect he was sent to prison for five years on the kidnapping to be followed by fifteen years’ probation on the lewd act. All other repord activity points to the opposite; that is, prison on the lewd act followed by probation for the kidnapping (reflected in the original order of probation, the documentation accompanying his violation, and the appeal from the violation). This difficulty is compounded by the State's representation that the stenographic notes of the sentencing proceeding have been destroyed, rendering impossible a determination of the trial court's oral pronouncement of the sentence. This record discrepancy may be significant, because if Sizelove was in fact sentenced to life in prison for violating the terms of probation for a second-degree felony, the lewd act, he has served, day-for-day, thirteen years of a sentence for which the statutory maximum is fifteen years. The trial court may wish to solicit the assistance of the attorney general, who brought this problem to light, and Sizelove, who himself was unaware of it until we were so enlightened, and who has participated in a meaningful way in this appeal. We would likewise encourage the trial court to allow Sizelove to amend his motion to correct sentence to advance claims based upon this startling inconsistency in Siz-elove’s sentencing documentation, which may have resulted in the imposition of a sentence, life, exceeding in the extreme the statutory maximum.