784 So.2d 446 (1999)
Omar BROWN, Appellant,
v.
The STATE of Florida, Appellee.
No. 98-2022.
District Court of Appeal of Florida, Third District.
January 13, 1999.
Bennett H. Brummer, Public Defender, and Rosa C. Figarola, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Douglas Gurnic, Assistant Attorney General, for appellee.
Before JORGENSON, GERSTEN, and SHEVIN, JJ.

CONFESSION OF ERROR
PER CURIAM.
Appellant, Omar Brown ("defendant"), appeals the trial court's order sentencing him to 36 months incarceration. As correctly conceded by the State, we find the trial court erred in imposing a greater term of incarceration than the period of incarceration suspended during the original sentence.
The defendant was initially sentenced to 42 months probation after pleading guilty with regard to cocaine charges. Thereafter, the defendant admitted to having violated the terms of his probation and pled guilty in two other cases to the sale of cocaine. In return for his plea in the three cases, the defendant was sentenced to concurrent terms of 32.2 months incarceration. The period of incarceration was suspended and the defendant was placed on probation for 32 months subject to the completion of a 6 month jail term.
Subsequently, the defendant admitted violating the terms of probation by using marijuana. The trial court revoked the defendant's probation and then sentenced the defendant to 36 months incarceration.
The sentencing structure imposed in the instant case constitutes a "true split sentence," and thus the trial judge was limited upon revocation of probation, to resentencing the defendant to a period of incarceration which did not exceed the original suspended sentence of 32.2 months. See Franklin v. State, 545 So.2d 851 (Fla. 1989); Poore v. State, 531 So.2d 161 (Fla. 1988). Since the trial court's order imposing a 36 month term exceeded the original suspended sentence, it must be reversed and remanded with directions to resentence the defendant within the range of *447 the original suspended sentence. See State v. Powell, 703 So.2d 444 (Fla.1997); Poore v. State, 531 So.2d at 161; Lawton v. State, 711 So.2d 142 (Fla. 2d DCA 1998).
Reversed and remanded with directions.