CONFESSION OF ERROR
PER CURIAM.
The order below denying the appellant’s motion to correct an illegal sentence under Fla.R.Crim.P. 3.800(a) is reversed for re-sentencing on the basis of the admirably candid and helpful response filed by the State:
The appellant, Michael James Baker, is currently under the lawful custody of the State of Florida, pursuant to a valid conviction by a jury for burglary of an automobile and grand theft.
[[Image here]]
Defendant claims that his sentence in lower court Case No. 91-8185A(Exh. P.), entered May 6, 1994 upon revocation of probation, violates Poore v. State, 531 So.2d 161 (Fla.1988). Poore v. State, supra, held that where there is a true split sentence, consisting of a total period of confinement with a portion of the confinement period suspended and the defendant placed on probation for that suspended portion, upon revocation of *375 probation the defendant cannot be sentenced in excess of the remaining sentence. In 91-8185A the defendant was originally sentenced on June 18, 1991 to a term of ten years on Counts 1,7,8,9 and 10 and five years on Count 2, all counts to run concurrent, followed by ten years of probation. Entry of sentence was suspended as to Counts 3 through 6. (Exh. 0). Upon revocation of probation, on May 6, 1994 the defendant was sentenced to five years on Counts 1,2,7,8,9 and 10, each count to run consecutive to each other and concurrent to the Count 1 in Case No. 91-7940B and Count 1 in 91-8184.(Exh. P). The 1994 sentence exceeds the remaining sentence. Therefore, the 1994 sentence runs afoul of Poore v. State, supra.
Reversed and remanded for resentenc-ing.