822 So.2d 569 (2002)
Richard RODRIGUEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-20.
District Court of Appeal of Florida, Fifth District.
August 2, 2002.
*570 Richard Rodriguez, Perry, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann M. Phillips, Assistant, Attorney General, Daytona Beach, for Appellee.
PETERSON, J.
Richard Rodriguez appeals the denial of his motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.800(a). Rodriguez's motion alleged that he received an illegal sentence following violation of probation because the trial judge imposed a sentence longer than the suspended portion of his original true split-sentence in violation of the requirements of Poore v. State, 531 So.2d 161 (Fla.1988).
Rodriguez was originally sentenced to 120 months incarceration to be suspended after serving 78 months. The remaining 42 months was to be served on probation. After satisfying the prison term of his sentence, he violated probation and was resentenced to 68 months incarceration and given credit for the time he previously served in prison as well as any unforfeited gain time. The trial judge hearing the instant Rule 3.800(a) motion denied post-conviction relief stating that Rodriguez could be sentenced to either the suspended portion of his sentence (42 months) or the original period of incarceration (120 months) with credit for time served. Rodriguez contends that Poore requires the trial court to sentence him to no more than 42 months, the suspended portion of his original sentence.
In Poore, the supreme court classified the type of sentence originally received by Rodriguez as a "true split-sentence." If a defendant violates the probationary portion of the sentence, Poore required that "the sentencing judge in no instance may order new incarceration that exceeds the remaining balance of the withheld or suspended portion of the original sentence." Id. at 164. That simple rule was followed in subsequent cases in this district. See, e.g., Lovett v. State, 795 So.2d 1135 (Fla. 5th DCA 2001).
Later cases began to indicate that the language used to impose the new sentence is unimportant so long as the calculated term of the new sentence did not exceed the term of the suspended term of the original sentence. For example, the defendant in Frazier v. State, 559 So.2d 1121 (Fla.1990) was originally sentenced to ten years incarceration with the second half suspended and probation imposed. Frazier violated this true split-sentence and was resentenced to ten years incarceration with credit for time served. The credit to which the defendant was entitled totaled five years. The defendant's challenge to the ten year sentence rather than a five year sentence (the original suspended portion) was rejected. The supreme court explained that the sentence was consistent with Poore because the trial court did not "order new incarceration that exceed[ed] the remaining balance of the withheld or suspended portion of the original sentence." Id. at 1122.
In Eldridge v. Moore, 760 So.2d 888 (Fla.2000), the supreme court explained the effect that forfeited gain time would have on new sentences imposed after violation of probation that was being served during the suspended portion of a true split-sentence. The court stated that the actual length of the new sentence imposed after probation revocation is irrelevant to any forfeiture penalty exacted from the gain time awarded during the prior incarceration (the non-suspended portion of sentence). In other words, the sentencing court should ignore any recapture of gain time when imposing a new sentence after probation has been violated.
*571 Rodriguez was resentenced to a term of 68 months incarceration and given credit for time served on the unsuspended portion of the original sentence plus unforfeited gain time. We cannot calculate the net number of months that he must serve from the sparse record before us, but it seems likely that the result will be less than the 42-month original suspended sentence. Accordingly, we affirm the denial of Rodriguez' 3.800(a) motion for post-conviction relief without prejudice. Upon remand, if the net result of the calculation of the new sentence results in a term exceeding the 42 month suspended portion of his original sentence, Rodriguez may renew his motion. The trial court's calculation should not include consideration of any recaptured gain time relative to the original unsuspended portion of the true split-sentence. That recapture portion is irrelevant as explained in Eldridge.
AFFIRMED WITHOUT PREJUDICE.; REMANDED.
GRIFFIN and SAWAYA, JJ., concur.