838 So.2d 701 (2003)
James Michael THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-2096.
District Court of Appeal of Florida, Fifth District.
March 7, 2003.
*702 Larry H. Colleton, of Larry H. Colleton, P.A., Orlando, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
TORPY, J.
Appellant pled guilty to two counts of lewd, lascivious or indecent assault or act upon a child under the age of sixteen and, pursuant to agreement with the State, was sentenced to two years of community control, followed by ten years of supervised probation. After Appellant violated his community control a second time, the trial court, on November 15, 2000, imposed sentence as follows: "181.6 months DOC suspended upon successful completion of one year sex offender community control followed by twelve years sex offender probation." Appellant thereafter violated his community control again and the trial court then imposed a sentence of fifteen years as to Count I and nine years, eight months, as to Count II, with the sentence imposed on Count II to run consecutive with the sentence imposed as to Count I for a total period of incarceration of twenty-four years, eight months. Appellant raises two points on appeal, only one of which we determine to have merit. Appellant contends that, because the trial court's sentence exceeded the suspended portion of the sentence previously imposed, the sentence is illegal. We agree and reverse.
Appellant's November 15, 2000, suspended sentence constituted a "true split sentence." State v. Powell, 703 So.2d 444 (Fla.1997). Accordingly, under Poore v. State, 531 So.2d 161 (Fla.1988), the trial court was limited, upon revocation of Appellant's community control, to imposing a sentence of 181.6 months. As noted in Poore:
The possibility of the violation already had been considered, albeit prospectively, when the judge determined the total period of incarceration and suspended a portion of that sentence, during which the defendant would be on probation. In effect, the judge has sentenced in advance for the contingency of a probation violation, and will not later be permitted to change his or her mind on that question.
Id. at 165. We reverse and remand for the imposition of an incarcerative sentence of 181.6 months.
REVERSED and REMANDED for re-sentencing.
GRIFFIN and PALMER, JJ., concur.