929 So.2d 1130 (2006)
Darren Leon BROUGHTON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-2067.
District Court of Appeal of Florida, Second District.
May 31, 2006.
*1131 James Marion Moorman, Public Defender, and Robert D. Rosen, Assistant Public Defender, Bartow, for Appellant.
Charles C. Crist, Jr., Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
LaROSE, Judge.
Darren Leon Broughton challenges the sentence imposed following the revocation of his probation. We affirm.
Mr. Broughton pleaded guilty to multiple counts of burglary and grand theft in three separate cases (case nos.: 04-9800, 04-14972, and 04-15021). The trial court imposed concurrent 364-day jail terms in each case, suspended upon completion of an in-jail drug treatment program, followed by twenty-four months' drug offender probation. Mr. Broughton admitted to violating his probation. The trial court revoked his probation and sentenced him to concurrent twenty-seven-month prison terms. Mr. Broughton filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). The trial court did not rule on the motion within sixty days.[1] Thus, the motion is deemed denied. Fla. R.Crim. P. 3.800(b)(2)(B); (b)(1)(B).
Mr. Broughton argues that the sentences originally imposed were true split sentences. A "true split sentence" consists of a total period of confinement with a portion suspended and the defendant placed on probation for the suspended portion. Poore v. State, 531 So.2d 161, 164 (Fla.1988). Upon violation of probation, the trial court may impose only the remainder of the suspended portion of the sentence. Id. The State agrees that Mr. Broughton's original sentences were analogous to true split sentences and concurs that the trial court erred in sentencing Mr. Broughton to twenty-seven months in prison.
Both Mr. Broughton and the State are incorrect in applying the "true split sentence" rubric to the original sentences. The trial court sentenced Mr. Broughton to 364 days in county jail, "suspended once in-jail drug treatment is completed," followed by twenty-four months of drug offender probation. The sentencing order demonstrates that the trial court limited the incarceration period to a term necessary *1132 to complete the drug treatment program.
The trial court's original sentences allowed Mr. Broughton to complete his jail time faster by cooperating with the in-jail drug treatment program. Upon completion of the drug treatment program, Mr. Broughton's period of confinement ended; there remained no suspended portion of the sentences. Accordingly, each of his initial sentences was a "probationary split sentence."[2]See Poore, 531 So.2d at 164. Following the revocation of Mr. Broughton's probation, the trial court could have imposed any sentence it might have originally imposed upon him. See § 948.06(1); Poore, 531 So.2d at 164.
Affirmed.
SALCINES, J., and THREADGILL, EDWARD F., Senior Judge, Concur.
NOTES
[1] The trial court did enter an order setting aside the sentence in one of the cases (case no. 04-9800) after the sixty-day window closed. That order is a nullity because the trial court entered it without jurisdiction. See Davis v. State, 887 So.2d 1286 (Fla.2004).
[2] A probationary split sentence consists of "a period of confinement, none of which is suspended, followed by a period of probation." Poore, 531 So.2d at 164.