994 So.2d 386 (2008)
James MORENCY, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 3D08-1995, 3D08-1934.
District Court of Appeal of Florida, Third District.
October 15, 2008.
Rehearing Denied November 7, 2008.
James Morency, in proper person.
Bill McCollum, Attorney General, and Ansley B. Peacock, Assistant Attorney General, for appellee.
Before SHEPHERD, ROTHENBERG, and SALTER, JJ.
PER CURIAM.
Appellant, James Morency, seeks review of an order denying his motion for relief from an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). After his motion was denied, Morency sought review in this court, filing a petition for writ of habeas corpus in Case No. 3D08-1934, and a direct appeal of the trial court's order in Case No. 3D08-1995. We treat the petition for habeas corpus, filed in Case No. 3D08-1934, as an appeal, consolidate that case with Case No. 3D08-1995, and affirm the consolidated appeal for the reasons that follow.
On February 22, 2005, Morency pled nolo contendere to two counts of sale or possession with the intent to sell cocaine, one count of sale or possession with the intent to sell marijuana, and one count of resisting an officer without violence. Morency was sentenced to 364 days in the Miami-Dade County jailwith the possibility that his jail term would be terminated *387 early if he completed TASC, a drug treatment programfollowed, in any case, by eighteen months of drug offender probation.[1] On August 11, 2005, the remainder of Morency's jail sentence was suspended, and he was placed on drug offender probation. On February 14, 2006, the State filed an information charging Morency and a codefendant with one count of armed home invasion, one count of conspiracy to commit armed home invasion, and three counts of false imprisonment. On the basis of these charges, Morency was found to have violated his probation and was resentenced to twenty years in prison.
Morency argues in his Rule 3.800 motion that his February 22, 2005, sentence was a "true split sentence," which precluded the trial court from imposing a sentence of incarceration greater than the probationary portion of his original sentence, not a "probationary split sentence" which would entitle the trial court, upon violation of probation, to resentence him for his underlying offense. See Poore v. State, 531 So.2d 161 (Fla.1988). In Poore, the Florida Supreme Court described a "true split sentence" as "consisting of a total period of confinement with a portion of the confinement period suspended and the defendant placed on probation for that suspended portion," and a "probationary split sentence" as "consisting of a period of confinement, none of which is suspended, followed by a period of probation."[2]Id. at 164. The court held that where a "true split sentence" had originally been imposed, the resentencing court only possessed the power to sentence a violator to that portion of the original sentence which had been suspended. The logic behind this rationale was that in a "true split sentence," "the judge has sentenced in advance for the contingency of a probation violation, and will not be permitted to later change his or her mind on the question." Id. at 165. In essence, the occurrence of a violation was a fact that the original sentencing court had already considered; therefore, resentencing a defendant who had already received a "true split sentence" would violate double jeopardy by sentencing him twice based on the same underlying facts. See id.
The conundrum in this case is that the terms of Morency's unusual sentence do not wholly coincide with Poore's description of a "true split sentence" or a "probationary split sentence." Morency's sentence cannot be a "true split sentence" because there is no evidence the probationary term was originally a jail term that had been suspended by the court. See id.; Brown v. State, 784 So.2d 446, 446 (Fla. 3d DCA 1999). By contrast, Morency's sentence cannot be a "probationary split sentence" because at least some of his sentence was suspended, which contravenes Poore's directive that such a sentence "consist[] of a period of confinement, none of which is suspended." Poore, 531 So.2d at 164 (emphasis added).
While the language of Poore leaves us at an impasse, when we examine the Florida Supreme Court's rationale for preventing resentencing on a "true split sentence," it becomes clear that Morency's sentence does not qualify. First, Morency was never sentenced to a "total period of confinement with a portion of the confinement *388 period suspended." Id. Instead, Morency's sentence expressly contemplated a period of confinement (364 days in the Miami-Dade County jail) followed by a period of probation (eighteen months). The two were meant to be imposed separately. Second, nothing indicates the sentencing court was accounting for "the contingency of a probation violation" in allowing Morency to complete his jail term early. Id. Instead, the court expressly contemplated that Morency would receive early termination of his jail term in exchange for completing his TASC drug treatment program.
While we acknowledge Morency's sentence does not fall precisely into the categories contemplated in Poore, it is clear the probationary portion of Morency's sentence was administered separately, and the suspended portion was not intended to account for the contingency of reoffense. Thus, Morency's violation of probation was a "new fact," and the court was entitled to resentence Morency upon violation of probation without offending his right against double jeopardy.
Affirmed.
NOTES
[1] Morency's sentence for resisting an officer without violence was wholly suspended by his plea bargain. The sentence under review was rendered for his other three crimes.
[2] We recognize that the Florida Supreme Court also described three other kinds of sentences: "period of confinement" sentences, "Villery" sentences, and "straight probation" sentences. Id. at 164. Because Morency's sentence does not fall within these other categories, we do not address them here.