PER CURIAM.
This is an appeal of a revocation of probation. The defendant/appellant, Christo *292 pher Ashe, was convicted of grand theft and strong arm robbery in 1985. He was sentenced to a term of six years in the Department of Corrections for the grand theft. Four years of the term was to be served in prison and the remainder was to be served on probation for two years, with credit for 128 days served.[1] Additionally, Ashe was sentenced to fifteen years on probation for strong arm robbery, to run consecutive to the sentence for grand theft. On July 7, 1986, Ashe was released on furlough on an early release type of program under which he was required to report to the corrections department. The record indicates that Ashe completed the confinement portion of his sentence. Thereafter Ashe failed to report to the correct office for the probation portion of his sentence and absconded from the jurisdiction. He was arrested in October, 1986 in California while in possession of stolen property. Affidavits of violation of probation were filed against Ashe in Florida. At the revocation hearing Ashe admitted that he had gone to California in violation of the probation. The trial court found Ashe to be in violation and revoked his probation. Ashe was sentenced on the grand theft to five years imprisonment with credit for 715 days served. On the robbery he was sentenced to fifteen years in prison with credit for 715 days time served.
Ashe makes two arguments on appeal. We find it necessary to address only the second argument concerning the sentence imposed after revocation. Ashe argues that pursuant to Poore v. State, 531 So.2d 161 (Fla.1988) the trial court erred in sentencing him to a prison sentence greater than the suspended portion of his original split sentence, that is, greater than two years.
In Poore the defendant was sentenced to four-and-one-half years in the Department of Corrections with two-and-one-half years on probation. After the defendant served the incarceration portion of his sentence he violated his probation and the trial court imposed a sentence of four-and-one-half years of incarceration with credit for time served. On appeal the supreme court vacated the sentence. The supreme court explained that jeopardy attaches when a prisoner begins serving a sentence. That original sanction cannot be increased unless there are subsequent events which throw new light on the defendant’s conduct. As a result, if a true split sentence is imposed as the original sentence, then “the sentencing judge in no instance may order new incarceration that exceeds the remaining balance of the withheld or suspended portion of the original sentence.” 531 So.2d at 164 (emphasis added). In the instant case the trial court erred in sentencing Ashe to a term greater than the suspended portion of his original sentence.
Reversed and remanded for further consistent proceedings.
GLICKSTEIN and WALDEN, JJ., concur.
GARRETT, J., concurs specially with opinion.

. This was a “true split sentence” since it consisted of a total period of confinement with a portion of the confinement period suspended and the defendant placed on probation for the suspended portion. Poore v. State, 531 So.2d 161, 164 (Fla.1988).