553 So.2d 1371 (1989)
Randy COOPER, Appellant,
v.
STATE of Florida, Appellee.
No. 88-00483.
District Court of Appeal of Florida, Second District.
December 22, 1989.
*1372 James Marion Moorman, Public Defender, and Julius J. Aulisio, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph R. Bryant, Asst. Atty. Gen., Tampa, for appellee.
THREADGILL, Judge.
Randy Cooper appeals his sentence following revocation of probation. We reverse.
The appellant pled nolo contendere to a charge of DUI-manslaughter and was scored at three to seven years on the guidelines scoresheet. He was sentenced to a "true split sentence" of seven years incarceration, with one year suspended to be served on probation. See Poore v. State, 531 So.2d 161, 164 (Fla. 1988). The appellant served six years with gain time, and was released on probation. While on probation he was charged with violating his probation by consuming alcohol. The trial court found him in violation of probation, imposed the one-cell increase provision of Florida Rule of Criminal Procedure 3.701(d)(14), and sentenced the appellant to twelve years imprisonment.
The appellant argues that pursuant to Poore v. State, 531 So.2d 161 (Fla. 1988), the trial court erred in sentencing him to a prison sentence greater than the one-year suspended portion of his original split sentence. We agree.
In Poore, the supreme court defined a "true split sentence" as a total period of confinement with a portion of the confinement period suspended and the defendant placed on probation for that suspended portion. Id. at 164. The court held that upon violation of a true split sentence
the sentencing judge in no instance may order new incarceration that exceeds the remaining balance of the withheld or suspended portion of the original sentence... . The possibility of the violation already has been considered, albeit prospectively, when the judge determined the total period of incarceration and suspended a portion of that sentence, during which the defendant would be on probation. In effect, the judge has sentenced in advance for the contingency of a probation violation, and will not later be permitted to change his or her mind on that question.
Id. at 164-65.
Following this rationale, we conclude that the trial court erred in sentencing the appellant to a term greater than the suspended portion of his original sentence. See Ashe v. State, 548 So.2d 291 (Fla. 4th DCA 1989).
The state argues that the one-cell increase is allowable under Franklin v. State, 545 So.2d 851 (Fla. 1989). We disagree. Franklin merely restated what was said in Poore, that upon violation of probation in a true split sentence, the trial judge may reimpose the balance of the *1373 suspended sentence or the one cell increase of rule 3.701(d)(14), whichever is less. This is consistent with the majority holding in Poore.
Since we conclude that this was a true split sentence, controlled by Poore, no new incarceration could be imposed upon the appellant for the violation of probation. The sentencing judge at the violation hearing could have allowed the appellant to remain on probation or could have returned him to prison to complete all or part of the suspended portion of his sentence. See Poore v. State, 503 So.2d 1282, 1284 (Fla. 5th DCA 1987); Poore v. State, 531 So.2d 161, 165 (Fla. 1988), McDonald, J., dissenting.
We, therefore, reverse and remand for resentencing.
LEHAN, A.C.J., and PATTERSON, J., concur.