PER CURIAM.
This appeal arose from a revocation of probation. On April 11, 1988, the trial court convicted appellant of DUI manslaughter and battery on a law enforcement officer. The court sentenced him for DUI manslaughter to twelve years imprisonment, suspending the sentence after five years and ordering him placed on probation during the suspended portion of the sentence. The court also sentenced him for battery on a law enforcement officer concurrently to five years imprisonment. Appellant began his probationary term on March 28, 1989. On October 22, 1991, the trial court revoked appellant’s probation and sentenced him to twelve years imprisonment with credit for 404 days time served.
Appellant argues that the trial court erred in denying him jail time credit, pursuant to section 921.161(1), Florida Statutes (1991), for his time spent on probation. We reject this contention. § 948.06(2), Fla. Stat. (1991) (no part of the time that the defendant is on probation shall be considered as any part of the time that he shall be sentenced to serve). Pendergrass v. State, 487 So.2d 35, 36 (Fla. 4th DCA 1986) (citing State v. Holmes, 360 So.2d 380, 383 (Fla.1978)) (when probation is revoked after a defendant has been sentenced to period of incarceration followed by period of probation, no credit is given for time spent on probation).
The trial court, however, fundamentally erred in sentencing appellant to a-prison term greater than the suspended portion of his original sentence. Arnold v. State, 578 So.2d 515, 516 (Fla. 4th DCA 1991) (citing State v. Johnson, 483 So.2d 420, 422 (Fla.1986) (the violation of a constitutional double jeopardy right is fundamen *142 tal error). In Ashe v. State, 548 So.2d 291 (Fla. 4th DCA 1989), this court stated:
Ashe argues that pursuant to Poore v. State, 531 So.2d 161 (Fla.1988) the trial court erred in sentencing him to a prison sentence greater than the suspended portion of his original split sentence, that is, greater than two years.
In Poore the defendant was sentenced to four-and-one-half years in the Department of Corrections with two-and-one-half years on probation. After the defendant served the incarceration portion of his sentence he violated his probation and the trial court imposed a sentence of four-and-one-half years of incarceration with credit for time served. On appeal the supreme court vacated the sentence. The supreme court explained that jeopardy attaches when a prisoner begins serving a sentence. That original sanction cannot be increased unless there are subsequent events which throw new light on the defendant’s conduct. As a result, if a true split sentence is imposed as the original sentence, then “the sentencing judge in no instance may order new incarceration that exceeds the remaining balance of the withheld or suspended portion of the original sentence.” 531 So.2d at 164 (emphasis added). In the instant case the trial court erred in sentencing Ashe to a term greater than the suspended portion of his original sentence.
Id. at 292.
In the instant case, the trial court originally imposed a true split sentence upon appellant by sentencing him to twelve years imprisonment, suspending the sentence after five years and ordering him placed on probation during the seven-year suspended portion of the sentence. Ashe at 292 n. 1 (citing Poore, 531 So.2d at 164) (a “true split sentence” is a total period of confinement with a portion of the confinement period suspended and the defendant placed on probation for the suspended portion). By sentencing appellant to twelve years imprisonment upon the revocation of his probation, the trial court ordered new incarceration that exceeded the suspended portion of appellant’s original true split sentence. We, therefore, reverse and remand for further consistent proceedings.
REVERSED and REMANDED.
DELL, GUNTHER and POLEN, JJ„ concur.