THREADGILL, Judge.
Amos Jerome Brown challenges the sentence imposed by the trial court upon the *75 revocation of his probation. He argues that the trial court erred in imposing a sentence upon revocation of probation greater than the balance remaining on the split sentence originally imposed. We agree and reverse.
Mr. Brown pleaded guilty to sexual battery with force likely to cause serious personal injury and was sentenced to a true split sentence of fifteen years’ imprisonment, with twelve years suspended to be served on probation. He violated his probation, and the trial court sentenced him to fifteen years’ imprisonment to be followed by twelve years’ probation.
Where a true split sentence is imposed, the sentencing judge in no instance may order new incarceration that exceeds the remaining balance of the suspended portion of the original sentence. Poore v. State, 531 So.2d 161, 164 (Fla.1988); Cooper v. State, 553 So.2d 1371 (Fla. 2d DCA 1989). The trial court in this case erred in imposing a sentence of fifteen years’ imprisonment because such a sentence exceeds the balance of the suspended portion of the original sentence, namely twelve years.
Accordingly, we reverse the sentence and remand for resentencing.
DANAHY, A.C.J., and CAMPBELL, J., concur.