DAUKSCH, Judge.
This is an appeal from a sentence. Appellant was given two years in the state prison and that sentence was suspended on the condition that he successfully complete three years of probation. He failed to successfully complete his probation and when he appeared in court for the violation he was given a new sentence of four and one-half years in prison. This was error. The original suspended sentence is not a legally recognized split sentence under Poore v. State, 531 So.2d 161 (Fla.1988). See Bell v. State, 651 So.2d 237 (Fla. 5th DCA 1995). But no appeal was taken from it so we must deal with the situation as it presents itself now. Because appellant had already been sentenced to two *297 years in prison, the court could not resen-tence him to a greater time. Had appellant been placed on straight probation or a split sentence, and then violated probation, different rules would apply. The court could then impose any lawful guideline sentence. Poore; Priest v. State, 603 So.2d 141 (Fla. 4th DCA 1992); Cooper v. State, 553 So.2d 1371 (Fla. 2d DCA 1989).
The sentence is vacated and remanded for resentencing to two years in prison.
GOSHORN and HARRIS, JJ., concur.