SHEVIN, Judge.
We reverse the order denying Michael James Baker’s motion to correct illegal sentence imposed upon revocation of probation. The transcript and sentencing documents reflect that Baker’s sentence was a true split sentence; hence, upon revocation of probation, under Poore v. State, 531 So.2d 161 (Fla.1988), Baker was entitled to be sentenced to the balance of the withheld portion of the sentence.
Baker’s original probation order provided:
It is hereby ordered and adjudged that you be 20 yrs committed to the Department of Corrections J_ confined in the County-Jail S.P. for a term of 10 yrs with credit for all jail time; that after you have served 10 yrs of said term, you shall be placed on probation for a period of 10 yrs under the supervision of the Department of Corrections, subject to Florida Law.
This represents a true split sentence: Baker was sentenced to a specific prison term, 20 years, but was to be released after serving ten of those years, with the remaining years to be served on probation. See Bryant v. State, 591 So.2d 1102, 1103 (Fla. 5th DCA 1992); Ashe v. State, 548 So.2d 291 (Fla. 4th DCA 1989). Upon revocation of probation, the court erred in imposing a sentence in excess of the Baker’s remaining sentence.
Based on the foregoing reasons, the sentence is reversed and the cause remanded with instructions to resentence Baker to twenty years imprisonment with credit for time served.
Reversed and remanded.