STRINGER, Judge.
Clarence Nelson appeals the revocation of his probation. Nelson alleges that the trial court erred in sentencing him to a term of years which exceeds the suspended portion of his original sentence. Nelson also alleges that the trial court erred in revoking his probation without filing a written order specifying the probation conditions he was found to have violated. We agree on both issues and reverse.
Nelson was originally charged with four counts of burglary and one count of felony petit theft. Nelson entered a plea to all the charges and was adjudicated and sentenced on each count as a habitual offender to twenty years’ incarceration, with fifteen years’ suspended, which were to be served on probation. All the sentences were to run concurrently. Nelson served the prison portion of his sentence and was placed on probation. While on probation, an affidavit and warrant were filed alleging that Nelson had violated the conditions of his probation. Nelson was found guilty of violating the terms of his probation. The trial court revoked Nelson’s probation and sentenced him as a habitual felony offender to concurrent terms of twenty years’ imprisonment on the burglary counts and five years’ imprisonment on the felony petit theft count with credit for time served in the county jail and time previously served in prison.
In this case, Nelson’s original sentence was a true split sentence. See Poore v. State, 531 So.2d 161 (Fla.1988) (stating that four-and-one-half year sentence in which defendant would be confined for two-and-one-half years, with the remainder of the sentence suspended, and during the suspended portion, defendant would be on probation constituted a true split sentence). In Poore, the supreme court stated:
If alternative (2) [a true split sentence] is used as the original sentence, the sentencing judge in no instance may order new incarceration that exceeds the remaining balance of the withheld or suspended portion of the original sentence .... The possibility of the violation has already been considered, albeit prospectively, when the judge determined the total period of incarceration and suspended a portion of that sentence, during which the defendant would be on probation. In effect, the judge has sentenced in advance for the contingency of the probation violation, and will *675 not later be permitted to change his or her mind on that matter.
Id. at 164-65; see also Brown v. State, 610 So.2d 74, 75 (Fla. 2d DCA 1992) (“Where a true split sentence is imposed, the sentencing judge in no instance may order new incarceration that exceeds the remaining balance of the suspended portion of the original sentence.”). Thus, the trial court was only allowed to sentence Nelson to a maximum of fifteen years which was the suspended portion of his split sentence. We therefore reverse Nelson’s sentence and remand this cause for resentencing.
We note that Nelson failed to object to this sentence below and failed to file a rule 3.800(b) motion to challenge the sentence, and thus, this error would normally not be preserved for appellate review. This court however has jurisdiction to correct a fundamental sentencing error. See Bain v. State, 730 So.2d 296 (Fla. 2d DCA 1999). We conclude the error in this case is fundamental because it appears from the record that Nelson’s sentence will result in him being incarcerated for a greater period of time than is authorized by law.[1] See Lawton v. State, 731 So.2d 60 (Fla. 2d DCA 1999) (holding that twelve year sentence imposed after the defendant violated a term of supervision was fundamental error when the defendant should have only received a five year sentence); Bain, 730 So.2d at 305 (“Thus, an error that improperly extends the defendant’s incarceration or supervision likely would impress us as fundamental.”).
Nelson also asserts that the trial court erred in failing to enter a written revocation order. Since the record before us does not contain a revocation order, we remand with instructions that the trial court enter a written revocation order which states the conditions of probation Nelson was found to have violated. See Montonez v. State, 724 So.2d 650 (Fla. 2d DCA 1999).
Reversed and remanded for resentenc-ing and entry of revocation order.
CAMPBELL, A.C.J., and BLUE, J., Concur.

. Although the trial court gave appellant credit for time previously served in prison, pursuant to section 948.06(7), Florida Statutes (1997), appellant would forfeit all previously earned gain-time and time for good conduct. Since the record shows that appellant's actual time in prison was less than five years, it appears his credit for prison time will be less than a full five years. Thus, the trial court’s sentence of twenty years with credit for prison time will exceed the fifteen-year suspended portion of appellant's sentence.