564 So.2d 604 (1990)
Clifford TOWBRIDGE, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-1158.
District Court of Appeal of Florida, Third District.
July 31, 1990.
*605 Clifford Towbridge, in pro. per.
Robert A. Butterworth, Atty. Gen., and Joan L. Greenberg, Asst. Atty. Gen., for appellee.
Before JORGENSON, GERSTEN, and GODERICH, JJ.
PER CURIAM.
Clifford Towbridge appeals from an order denying his motion to correct an illegal sentence entered upon revocation of his probation. Towbridge also appeals from a sentence imposed for the substantive offense that formed the basis for the revocation proceedings. For the following reasons, we reverse and remand for resentencing on the probation revocation. We affirm the sentence imposed for the substantive offense.
Towbridge was originally sentenced to two fifteen-year sentences with five years' incarceration; the final ten years were suspended, and Towbridge was placed on probation for two years of that suspended sentence. The fifteen-year sentences were to run concurrently. When Towbridge had served the five years in prison, ten years would remain to be served on his sentence. This sentence was a "true split sentence" as defined by the Florida Supreme Court in Poore v. State, 531 So.2d 161 (Fla. 1988).
When Towbridge violated his probation and was resentenced, the trial court reimposed the two fifteen-year sentences with credit for time served but made the sentences consecutive rather than concurrent. In effect, the trial court's order requires Towbridge to serve an additional twenty years in prison rather than only ten. Pursuant to Poore, when an original sentence is a true split sentence, upon violation of probation and resentencing the trial court "in no instance may order new incarceration that exceeds the remaining balance of the withheld or suspended portion of the original sentence." 531 So.2d at 164. We reverse the sentence imposed and remand with directions to modify the judgment to reflect that the fifteen-year sentences shall run concurrently.
We find no merit in Towbridge's argument that the trial court, when sentencing him for the substantive offense that formed the basis of his probation violation, failed to apprise him of the minimum mandatory sentence. The transcript of the plea colloquy demonstrates that the trial court clearly informed Towbridge that the offense with which he was charged carried a mandatory minimum sentence of three years.
Affirmed in part, reversed and remanded with directions.