728 So.2d 1183 (1999)
Kenneth B. McCASKILL, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2283.
District Court of Appeal of Florida, Fifth District.
February 12, 1999.
James B. Gibson, Public Defender, and Kenneth Witts, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Maximillian J. Changus, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, M., Senior Judge.
In 1992, for four robbery convictions, appellant was sentenced to four concurrent *1184 terms of twelve years incarceration, to be followed by three years of probation. Released from prison in early 1997, and placed on community control for probation violations, appellant was charged with various violations of community control and probation, and in 1998 admitted the violations and entered a no contest plea to a new robbery charge. He was then sentenced to fifteen years incarceration on each of the four earlier robbery convictions, consecutive to each other, and a concurrent fifteen year term on the last robbery conviction, with credit for time served.[1]
Appellant contends that he could not legally be given consecutive terms after violation of probation when the original sentences were concurrent, citing Towbridge v. State, 564 So.2d 604 (Fla. 3d DCA 1990). Towbridge is not in point here. In Poore v. State, 531 So.2d 161 (Fla.1988), the supreme court made it clear that when a defendant is sentenced to a term of incarceration, none of which is suspended, to be followed by a period of probation (a probationary split sentence), upon violation of that probation, the defendant may be resentenced to any term up to the maximum which could have been originally imposed.[2]
No contention is made here that the court exceeded the guidelines or the maximum penalty prescribed by law. Violation of appellant's probation authorized the court to impose any lawful sentence which could have originally been imposed. See Green v. State, 392 So.2d 333 (Fla. 2d DCA 1981).
AFFIRMED.
COBB and HARRIS, JJ., concur.
NOTES
[1] The trial court reluctantly went along with the state's recommendation of a concurrent term on the last robbery, but made it clear, before accepting appellant's plea on the probation violations that sentencing on those violations was completely in the court's discretion.
[2] On the other hand, where defendant is sentenced to a term of incarceration, a portion of which is suspended subject to probation (defined as a "true split sentence"), upon violation of probation defendant can only be confined for the remainder of the suspended portion. Thus, Towbridge is inapposite because there, the defendant was given a "true split sentence" and could only be confined, after violation of probation, for the remainder of the suspended portion of his sentence. 564 So.2d at 605.