726 So.2d 388 (1999)
Robert E. VAN METER, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 97-2859
District Court of Appeal of Florida, First District.
February 15, 1999.
*389 Appellant, pro se.
Robert A. Butterworth, Attorney General; Charlie McCoy, Assistant Attorney General, Tallahassee, for appellee.
WOLF, J.
Appellant raises a number of issues on appeal, only one of which merits discussion: Whether the trial court had jurisdiction to make a finding pursuant to section 944.279, Florida Statutes, that appellant, a prisoner, had brought a frivolous action when appellant had previously voluntarily dismissed that action. We find that the purpose of section 944.279 and section 944.28(2), Florida Statutes, is similar to that of section 57.105, Florida Statutes, which is to preclude the filing of frivolous litigation. A trial court retains jurisdiction to make a determination pursuant to section 57.105, Florida Statutes, concerning the reasonableness of litigation even after the filing of a notice of voluntary dismissal. See Bay Fin. Sav. Bank, F.S.B. v. Hook, 648 So.2d 305, 307 (Fla. 2d DCA 1995). We, therefore, hold that the filing of a notice of voluntary dismissal by a prisoner does not divest a trial court of the requisite jurisdiction to enter an order authorizing sanctions in accordance with section 944.279 and section 944.28(2)(a), Florida Statutes (1997). The order of the trial court is affirmed in all respects.
MINER and PADOVANO, JJ., concur.