904 So.2d 570 (2005)
James McFADDEN, Appellant,
v.
STATE of Florida, Appellees.
No. 4D05-675.
District Court of Appeal of Florida, Fourth District.
June 8, 2005.
Rehearing Denied July 18, 2005.
James McFadden, Miami, pro se.
No appearance required for appellee.
*571 GROSS, J.
James McFadden appeals an order denying his motion for post-conviction relief. We affirm, because the motion was untimely.
On November 12, 1996, appellant pled guilty to robbery with a deadly weapon. The trial court designated him a habitual felony offender and placed him on two years probation.
In 1997, appellant violated his probation and was sentenced to thirty years in prison. While this court reversed appellant's status as a habitual felony offender, see McFadden v. State, 773 So.2d 1237 (Fla. 4th DCA 2000), the supreme court subsequently disapproved of and then vacated this court's decision. See Terry v. State, 808 So.2d 1249 (Fla.2002); State v. McFadden, 819 So.2d 139 (Fla.2002). This court issued a new opinion affirming appellant's status as a habitual felony offender. See McFadden v. State, 832 So.2d 872 (Fla. 4th DCA 2002).
On September 15, 2003, appellant moved for post-conviction relief attacking his 1996 plea as being involuntary because of the misadvice of his lawyer.
The post-conviction motion was untimely because it was filed "more than 2 years after the judgment and sentence became final" in the 1996 case. Fla. R.Crim. P. 3.850(b). Probation is a "sentence" within the meaning of the rule. See Lyell v. State, 872 So.2d 447 (Fla. 2d DCA 2004); Fla. R.Crim. P. 3.710(a) (providing that "[n]o sentence or sentences other than probation shall be imposed. . . ."). Construing the predecessor to the current version of rule 3.850, the supreme court held that probation "in and of itself" constituted "custody under sentence" within the meaning of that rule. State v. Bolyea, 520 So.2d 562 (Fla.1988). After examining the history of rule 3.850, the court concluded that a probationer was entitled to seek relief under the rule. Id. at 562-63. We see nothing in the recent amendment to the rule that changes the policy of the supreme court to preclude a probationer from seeking relief under rule 3.850. Thus, the time period for appellant to seek post-conviction relief directed at his 1996 plea began to run in 1996. Appellant's 2003 motion was untimely.
Affirmed.
POLEN and KLEIN, JJ., concur.