941 So.2d 592 (2006)
Earl CONEY, Appellant,
v.
STATE of Florida, Appellee.
Nos. 4D05-3304, 4D06-2312.
District Court of Appeal of Florida, Fourth District.
November 15, 2006.
*593 Earl Coney, South Bay, pro se.
No brief filed for appellee.
PER CURIAM.
Earl Coney challenges the sentences in seven cases where his probation was revoked. In one case, the circuit court sentenced Coney to five years in prison to run consecutively with six concurrent five-year sentences.
When a defendant is sentenced to a probationary split sentencei.e., a term of incarceration, none of which is suspended, followed by a period of probationthe defendant may be resentenced to any term up to the maximum which could have been originally imposed upon a violation of probation. See McCaskill v. State, 728 So.2d 1183 (Fla. 5th DCA 1999). In this case, the July 3, 2002 sentencing order demonstrates that Coney was originally sentenced to probationary split sentences, so that his consecutive sentence was proper under McCaskill. There was no double jeopardy violation. See Evans v. State, 675 So.2d 1012, 1015 (Fla. 4th DCA 1996). This is not a case involving a "true split sentence," which is a term of incarceration, a period of which is suspended subject to completion of probation. See Towbridge v. State, 564 So.2d 604 (Fla. 3d DCA 1990).
We do not find that the August 28, 2002 sentencing order limited the court's ability to sentence Coney upon a violation of probation. Also, we find no error in the successor judge sentencing appellant on the violations of probation. See Wilson v. State, 918 So.2d 446 (Fla. 4th DCA 2006); Scott v. State, 909 So.2d 364 (Fla. 5th DCA 2005). Finally, we find that Coney's allegations of scoresheet errors are without merit.
Affirmed.
POLEN, KLEIN and GROSS, JJ., concur.