959 So.2d 771 (2007)
Raymond PERRY, Petitioner,
v.
Ken MASCARA, Sheriff of St. Lucie County, et al., Respondents.
Nos. 4D07-939, 4D07-1218.
District Court of Appeal of Florida, Fourth District.
June 13, 2007.
Raymond Perry, Fort Pierce, pro se.
No response required for respondent.
*772 PER CURIAM.
In two previous cases in this court, petitioner filed a number of confused and improper pro se pleadings, and this court cautioned him against frivolous filings. In those two cases alone, petitioner filed more than twenty-five applications raising confused and frivolous claims and alleging a vast conspiracy by government officials to keep him incarcerated. Despite two prior warnings, petitioner has continued to abuse the court system by initiating frivolous proceedings. We now impose the sanction of no longer accepting his pro se filings.
In the initial wave of filings in case number 4D06-2412, petitioner filed approximately twenty confusing and frivolous motions, petitions, notices, and other papers. Because it appeared from the face of some of those documents that petitioner was seeking to represent himself in his pending criminal case, this court ordered the state to show cause why the trial court should not be compelled to address petitioner's requests for self-representation. The state's response established that the trial court had followed the proper procedures and had permitted petitioner to represent himself.
Petitioner's allegation that he had been denied self-representation was moot, and his other filings were without merit or procedurally improper. Petitioner continued filing additional documents demanding that the charges against him be forever dismissed and demanding his immediate release from custody. This court dismissed the more than twenty documents filed by petitioner and cautioned him that his excessive filing of frivolous documents was interfering with this court's ability to administer justice and that continued filing of frivolous or abusive papers would result in this court no longer accepting his pro se filings.
Despite this admonition, petitioner continued his confused and abusive filings. In case number 4D06-5007, almost immediately after dismissal of the first wave of filings, petitioner filed four more separate documents, some of which attempted to appeal non-appealable, non-final orders and continued to allege claims of a vast conspiracy to deprive him of due process. Petitioner claimed that he had more than 15 pro se motions pending in the trial court, including (among many other strange requests) a motion to compel the arresting officer to submit to a polygraph examination. Petitioner once again stridently demanded that this court forever dismiss the charges against him and order him immediately released from custody. None of the documents established any basis for relief in this court.
Before this court could dismiss this second barrage of papers wholly without merit, petitioner sought to compel the state to respond to discovery requests that he had filed less than two weeks prior. This action was without merit. But again, before an order dismissing the latest filing could issue, petitioner filed yet another frivolous petition seeking to compel the sheriff to file criminal charges against the arresting officer.
Throughout these proceedings, petitioner has attempted to micromanage his pending criminal case by initiating numerous procedurally improper and frivolous actions in this court.
An order dismissing this second wave of filings eventually issued, and petitioner was cautioned for a second, and final, time that continued frivolous and abusive filing would result in this court no longer accepting his pro se actions.
This brings us to the current case initiated by petitioner. Clearly, he will not heed the warnings. Petitioner has filed *773 three more mandamus petitions, one of which is a duplicate of a previously filed petition. The petitions continue to attempt to micromanage the pending criminal case and again allege that the sheriff is preventing petitioner from pressing criminal charges against the arresting officer.
Before this court could take any action on these latest filings, petitioner filed more papers causing yet another case to be set up. This court consolidated these cases, 4D07-939 and 4D07-1218, and dismissed the numerous petitions by order. Petitioner was then ordered to show cause why the sanction of no longer accepting his pro se filings should not be imposed.
Petitioner has replied and, having failed to show any good cause why sanctions should not be imposed, we hereby impose the sanction of no longer accepting his pro se filings. State v. Spencer, 751 So.2d 47 (Fla.1999). In the future, this court will accept legal documents filed on petitioner's behalf only if filed by an attorney licensed to practice law in Florida.
After this court's order to show cause against sanctions issued, petitioner initiated yet another proceeding in this court. As with all of petitioner's filings, the latest papers again demand dismissal of the charges against him and immediate release from custody. We dismiss this latest filing as it also fails to establish any legitimate claim for relief.
In addition to the numerous papers petitioner has filed in this court and in the court below, petitioner alleges that he has filed documents with the FBI, FDLE, county commissioners, city commissioners, Governor Charles Crist, the NAACP, the ACLU, and federal courts.
We are mindful that petitioner has been permitted to represent himself in the trial court in his pending criminal case and that he has a right of access to courts. The right to self-representation, however, is not absolute and does not entitle petitioner to abuse the court system. See Thomas v. State, 867 So.2d 1235, 1238 (Fla. 5th DCA 2004) (stating that "[i]n order to be entitled to self-representation, a defendant must show that he or she has the ability and willingness to abide by the rules of procedure and courtroom protocol" and that "`[t]he right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law'") (citations omitted). See also Jones v. State, 449 So.2d 253, 259 (Fla.1984) (holding that exercise of right to self-representation "is not a license to abuse the dignity of the court or to frustrate orderly proceedings").
Nor is the right the same in appellate courts. Martinez v. Court of Appeal of California, 528 U.S. 152, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000) (recognizing that defendant does not have a constitutional right to self-representation in an appellate court). See also Davis v. State, 789 So.2d 978 (Fla.2001); Hill v. State, 656 So.2d 1271, 1272 (Fla.1995) (explaining that an appellate court has discretion in determining whether to accept pro se filings). The sanction imposed today comes after much restraint and two explicit warnings. Petitioner's wanton filing is taxing this court's limited resources.
Finally, we note that the trial court has the power to terminate petitioner's self-representation if he continues to abuse the court system. "[T]he trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct." Faretta v. California, 422 U.S. 806, 834 FN. 46, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (citing Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970) (where defendant's exclusion from courtroom due to *774 disruptive behavior was found constitutional)).
FARMER, GROSS and HAZOURI, JJ., concur.