995 So.2d 1038 (2008)
Earl CONEY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-3343.
District Court of Appeal of Florida, Fourth District.
November 12, 2008.
*1039 Earl Coney, Raiford, pro se.
No appearance required for appellee.
PER CURIAM.
Despite numerous warnings, appellant has repeatedly initiated frivolous proceedings in this court. Today, after having provided an opportunity to respond, we impose the sanction of no longer accepting appellant's pro se filings.
Earl Coney has a long history of initiating meritless proceedings. We have previously cautioned him that his pattern of filing meritless, repetitive, and misleading proceedings could result in sanctions. See Coney v. State, 962 So.2d 351 (Fla. 4th DCA 2007). In addition to this reported admonition, this court has on other occasions warned Coney about his abuse of the judicial process. In fact, in another case, this court ordered Coney to show cause why he should not be sanctioned. There he promised to stop his relentless filing, and we decided against imposing sanctions. Nonetheless, he has continued to abuse the judicial process.
A history of this case and Coney's prior proceedings demonstrate that today's sanction is necessary. This appeal concerns the denial of a "Motion to Define or Clarify Sentence." The trial court denied this motion without prejudice for Coney to properly seek relief through the Department of Corrections (DOC). The trial court explained that Coney could not challenge, in this manner, the DOC's application of gain time or its calculation of his release date. See Bush v. State, 945 So.2d 1207, 1211 (Fla.2006). The trial court's order advised Coney how he could properly pursue this claim.[1]
Although Coney raised no basis for challenging the trial court's legally correct ruling, or the legal advice the trial court graciously provided, he filed this appeal. After this court ordered Coney to show cause why sanctions should not be imposed, we received his notice of voluntary dismissal of this appeal. At the same time, he filed an Emergency Petition for Writ of Habeas Corpus in case number 4D08-3681, alleging an entitlement to immediate release, and raising precisely the same claim he argued in this motion. We reviewed the petition and found it failed to establish a basis for relief, but transferred the petition to the appropriate venue. See Bush, 945 So.2d at 1213 n. 11; § 79.09, Fla. Stat. (2007), see, e.g., Vierra v. State, 980 So.2d 588 (Fla. 2d DCA 2008).
Coney has repeatedly claimed that he is illegally incarcerated and entitled to immediate release. These serious allegations receive expedited consideration because *1040 this court strives to prevent any person from being illegally deprived of even a single day of liberty. In every one of these cases, however, Coney's allegations of illegal detention proved to be without merit.[2]
This appeal, and the petition in 4D08-3681, are the sixth and seventh proceedings Coney has initiated in this court this year. In June 2008, Coney filed an Emergency Petition for Writ of Mandamus in case number 4D08-2537 alleging that he should not be incarcerated because he was entitled to additional credit for time served, but the trial court had not yet ruled on his rule 3.800(a) motion. Even though the 3.800(a) motion had been pending only a short time, because of the allegation of an illegal deprivation of liberty, we ordered an expedited response from the state, which in turn caused the trial court to consider and rule on the motion on an expedited basis. We cautioned Coney that he would be referred to prison officials for disciplinary procedures if his petition was false or frivolous. See § 944.279(1), Fla. Stat. (2007).
In ruling on the rule 3.800(a) motion, the trial court found that Coney had failed to establish that he was entitled to any additional credit for time served.[3] The trial court again advised Coney that his abusive filing was interfering with the administration of justice and could result in sanctions.
Coney then appealed the denial of that rule 3.800(a) motion, leading to case number 4D08-3018. Again, Coney presented no viable basis for challenging the trial court's legally correct ruling. The documents Coney relied on in support of his motion pertained to unrelated cases and did not show when he was imprisoned for the charges in these cases. The appeal in 4D08-3018 was the fifth proceeding Coney brought in this court in 2008. This court decided not to impose sanctions in that case because Coney had been admonished by the trial court, and it was hoped that further sanctions would not be necessary.
Coney also filed a petition for writ of habeas corpus in 4D08-1166, which raised unexplained allegations of prosecutorial misconduct and alleged perjury. The petition attempted to bring an untimely challenge to his convictions in these seven cases and was an improper attempt to avoid the procedural bars preventing Coney from filing successive and untimely postconviction motions.
Coney filed a mandamus petition in 4D08-458 in order to compel a trial court ruling on a rule 3.850 motion that challenged a conviction in a separate case for tampering with a witness. The trial court denied the 3.850 motion which raised the frivolous claim that the conviction must be vacated because a probable cause affidavit was not properly sworn. Coney appealed the denial of that motion in case number 4D08-2229, and this court affirmed. See Coney v. State, 987 So.2d 1226 (Fla. 4th DCA 2008).
In addition to the seven cases he has brought this year, Coney previously initiated *1041 a blizzard of filings in 2006 and 2007. This court affirmed Coney's pro se direct appeal with an opinion in case number 4D05-3304. See Coney v. State, 941 So.2d 592 (Fla. 4th DCA 2006). After this court relinquished jurisdiction for the trial court to rule on Coney's rule 3.800(b)(2) motion, and the trial court denied that motion, Coney filed a notice of appeal which resulted in case number 4D06-2312. That appeal was consolidated with his direct appeal.
Next, Coney then filed a rule 3.800(a) motion alleging a double jeopardy violation. The trial court denied the motion. Coney appealed in case number 4D06-1038, and this court affirmed. See Coney v. State, 928 So.2d 354 (Fla. 4th DCA 2006). Coney presented no support for his claim that the suspension of his driver's license in 2002 and 2003 was a double jeopardy violation. These suspensions were based on two separate statutory grounds. The double jeopardy claim was clearly without merit and expressly contrary to law. § 322.264(2), Fla. Stat. (2001); see Webb v. State, 816 So.2d 1190 (Fla. 4th DCA 2002).
Coney then filed a rule 3.850 motion alleging that the trial court improperly convicted him of grand theft of a motor vehicle in 2002 because the information allegedly cited the wrong statute. He appealed the summary denial of this claim in case number 4D06-3339. The information cited the correct statute, but Coney argued that the failure to cite the specific subsection deprived the trial court of jurisdiction. He also argued that the charging documents in these cases were insufficient because they failed to state the color, make and model of the vehicles stolen. Coney argued that the charges failed to state "the species" of the cars he stole, so they completely failed to charge a crime, constituting fundamental error. His challenge to the pleas he entered in 2002 was untimely and an improper attempt to go behind the pleas. See Fla.R.Crim.P. 3.850(b)(2); McFadden v. State, 904 So.2d 570 (Fla. 4th DCA 2005). The crimes were properly charged. This court affirmed. Coney v. State, 942 So.2d 890 (Fla. 4th DCA 2006).
In case number 4D06-4371, Coney filed a petition for writ of habeas corpus in this court that raised exactly the same issues that were considered on the merits and rejected on direct appeal. In fact, the petition was a carbon copy of the same arguments raised in the direct appeal. Coney simply refiled the same papers as a separate original proceeding in this court. We dismissed the petition admonishing Coney for the first time that filing frivolous, repetitive, or abusive pleadings will result in this court no longer accepting his pro se filings.
Coney filed another petition for writ of habeas corpus in case number 4D07-813. He argued, with abundant exclamation marks, that he must be immediately released because the trial court lacked jurisdiction to revoke probation. He argued that the revocation and sentence were void because, in 2002, when he was initially placed on probation, he was never told that a new violation of law would constitute a violation of probation. He claimed that no one told him that he was not permitted to violate the law while on probation and that his right to due process was therefore violated. Coney acknowledged that he previously raised this precise claim in a petition for writ of habeas corpus that was denied by the trial court and which he appealed. The denial of that petition was consolidated with his direct appeal, as it was part of Coney's confusing 3.800(b)(2) motion, and was resolved in the direct appeal.
Coney had notice of the general conditions of probation which did not have to be *1042 orally pronounced by the trial court at sentencing. Maddox v. State, 760 So.2d 89, 105-06 (Fla.2000). Assuming for the sake of argument that Coney actually believed that he could commit new law violations without violating his probation, Coney's probation officer testified that he gave Coney actual notice that he was not to commit new offenses while on probation.
In addition to being unsupported by law, Coney's petition in 4D07-813 was factually deceiving. He alleged in his petition that the trial judge failed to orally pronounce special conditions of probation, when in fact the record conclusively showed that the judge announced all special conditions in open court. Coney also misrepresented the law by alleging that State v. Hart, 668 So.2d 589, 593 (Fla.1996), held that general conditions of probation do not apply if the probation order is not signed by the defendant. In actuality, Hart found that all citizens are given constructive notice by statute of the general conditions of probation.
Before this court's order denying this frivolous petition could issue, Coney filed a 29-page "Amended Petition" and a massive appendix. The Amended Petition restated the claim that his convictions were void because he was not told that he could not commit new offenses while on probation. Coney demanded his immediate release. He added a new claim stating that the evidence to support the violation of probation was insufficient because the arrest affidavit was false. This claim was an improper attempt to relitigate the sufficiency of the evidence to support the revocation of probation.
He also argued that the state could not rely on the evidence of Coney's new law violations because he was acquitted by a jury of those charges. The standard of proof to establish a violation of probation, however, is lower than the "beyond a reasonable doubt" standard that applied at Coney's criminal trial for the new charges. The fact Coney was found not guilty by a jury did not preclude a violation of probation based on the same allegations. See Gonzales v. State, 780 So.2d 266 (Fla. 4th DCA 2001).
Because the petition in 4D07-813 was duplicative, frivolous, and misleading as to facts and law, this court ordered Coney to show cause why the sanction of no longer accepting his pro se filings should not be imposed, State v. Spencer, 751 So.2d 47 (Fla. 1999), and why Coney should not be referred for disciplinary procedures. In response, he promised not to file any more documents relating to this case. He provided this court with an affidavit attesting to his promise. He asked this court to consider the two pro se appeals that were already pending in this court at the time. In light of Coney's response and his promises, this court discharged its order to show cause and did not impose any sanction.
This court reviewed the denial of one of Coney's many rule 3.800(a) motions in case number 4D07-1291, which is where he first presented his claim that he was entitled to additional jail credit. Coney also argued in that motion that his sentences were illegal because they exceeded the maximum recommended range under the guidelines. Coney committed all seven of the offenses in these cases between the year 2000 and 2002 which is well after October 1, 1998, when the Criminal Punishment Code (CPC) was enacted. Under the CPC, Coney could be sentenced to the statutory maximum for his criminal offenses. The records attached to the trial court's order of denial showed that Coney had been credited with all time previously served in jail and in prison for these cases. In fact, as previously noted, it appears that Coney was given more credit than he deserved. *1043 This court affirmed. Coney, 959 So.2d at 270.
Coney appealed the denial of one of his many rule 3.850 motions in case number 4D07-1540. Coney raised multiple claims, some of which attempted to raise untimely challenges to his 2002 plea in these seven cases. For example, Coney claimed that counsel should have argued at the revocation hearing that the state had violated a plea agreement. The agreement that led up to Coney's open plea to these seven cases called for the state to dismiss numerous other felony charges. The state dismissed these charges and no plea agreement was violated.
Coney's motion reargued the same claim that this court had rejected on the merits in the direct appeal. This court expressly found that Coney received a "probationary split sentence" which permits the court to sentence a defendant, following revocation of probation, to any term which could have been originally imposed. Coney, 941 So.2d at 592. Coney's argument that he actually received a true split sentence was expressly rejected in the direct appeal.
Also, Coney alleged that a police officer lied at his VOP hearing (a claim he has repeatedly raised) and that the assistant state attorney and assistant public defender conspired against him. In Coney's pro se direct appeal, however, he did not challenge the revocation of his probation. In fact, he urged this court to affirm the finding that he violated probation, arguing only that his sentences were illegal.
The new charges that led to the violation of probation came about as follows. Coney was pulled over for speeding and gave police a false name. Coney did not sign the citation, and the officer pulled him over again, having him sign the citation. The officer saw Coney the next day, recognized him as the individual that had given him a false name, and questioned him. Coney stated that it was not him; it was his brother. Although Coney was found not guilty by a jury in his criminal trial for these new charges, the trial court found that the state proved by a preponderance of the evidence that Coney committed these new law violations.
Coney alleged that a report was withheld, as part of the conspiracy between the state and public defender's office. That report would have shown that Coney used the same false name and identifying information in a prior offense. Coney failed to show any deficiency in counsel's performance or any prejudice resulting from the alleged failure to impeach the police officer with this report which would have further incriminated Coney.
The motion also reargued the claim that was rejected in 4D07-813, that probation could not be violated based on the criminal acts for which he was found not guilty by a jury. He also argued that counsel was deficient in failing to argue that the convictions were void because Coney was never told, when he was placed on probation, that new criminal offenses would result in a violation. This claim was rejected in 4D07-813, and Coney's reconfiguration of the claim under the guise of ineffective assistance of counsel cannot revive the claim. Coney added yet another claim that counsel was deficient in waiving Coney's arraignment in 2005. Of course, Coney did not suffer any prejudice from the waiver of arraignment, and he failed to show that counsel was deficient.
In short, the rule 3.850 motion was repetitive and without merit. This court affirmed and explained:
Although we have considered the merits of this appeal, which are nonexistent, we remind Mr. Coney of the admonition we gave in the June 7, 2007, order in Coney v. McDonough, case No. 4D07-813, that *1044 this court may preclude him from filing any further pro se pleadings, petitions, appeals, motions, or any other papers, because of his abuse of the appellate system.
Coney, 962 So.2d at 351.
After this history and repeated warnings, Coney proceeded to initiate his latest wave of filings in 2008. As has been the case with all his filings, Coney's latest wave of confusing documents make deceptive claims of entitlement to immediate release.
While the Florida Constitution protects the right to have reasonable access to courts, the courts of this state cannot devote limited resources sorting out the serial, redundant claims of abusive litigants. The right of access to courts is not a license to abuse the judicial process by repeatedly filing frivolous and deceptive documents. Coney was advised how to properly raise the instant claims regarding DOC's calculation of his release date which, based on Coney's own allegations, appear to lack merit. Despite abundant warnings, Coney's persistence in raising the same meritless claim has prevented this court from considering the claims of other litigants. Coney's allegations of an "emergency" and entitlement to immediate release have led the court to consider Coney's motions and petitions before those of others.
Coney's history of filing in this court leads us to conclude that the sanction of barring any further pro se filings is necessary. We provided Coney an opportunity to show cause why this sanction should not be imposed, and he has provided no excuse for his abusive and repetitive filings. See Spencer, 751 So.2d at 48-49. Coney filed a notice of voluntary dismissal, but the filing of a voluntary dismissal does not divest a court of jurisdiction to enter an order authorizing sanctions. Van Meter v. State, 726 So.2d 388 (Fla. 1st DCA 1999).
Since Coney's convoluted pro se direct appeal in 4D05-3304, Coney has initiated 14 separate cases in this court. Most of the appeals and petitions in these cases have been frivolous, have reasserted claims previously denied on the merits, and have been deceptive as to the facts and law. The sanction we impose today is a serious one, but Coney has been given numerous warnings, and he has not been deterred. We exercise our discretion and henceforth refuse to accept any more of appellant's pro se filings. See Perry v. Mascara, 959 So.2d 771, 773 (Fla. 4th DCA 2007).
This appeal is dismissed. The clerk of this court is directed to no longer accept any paper filed by Earl Coney unless the document has been reviewed and signed by a member in good standing of the Florida Bar.
STEVENSON, GROSS and HAZOURI, JJ., concur.
NOTES
[1] Following revocation of the probation Coney was serving for seven separate cases, Coney was sentenced. The five-year sentences on six of those cases were structured to run concurrently with each other while the five-year sentence on a seventh case was ordered to run consecutively to the others. Coney contends that his term of incarceration ended in August 2008 because he should have begun serving his consecutive sentence earlier than reflected by DOC's calculations.
[2] We calculated Coney's release date based on his own allegations regarding the credit he was granted for time previously served and the structuring of his sentences. We arrived at the same release date that DOC had calculated.
[3] We reviewed Coney's allegations that he was not properly credited with time served in a prior appeal of the denial of a different rule 3.800(a) motion. See Coney v. State, 959 So.2d 270 (Fla. 4th DCA 2007). Although we affirmed the denial of the motion without opinion in that case, our calculations suggested that the trial court actually granted Coney more credit than he was legally entitled to receive. Coney's 2008 motion reargued the same claim but attached documents that allegedly supported his allegations.