ORFINGER, J.
 

 Raymond Howells appeals an order denying his motion to correct sentence filed under Florida Rule of Criminal Procedure 3.800(a). He alleges that pursuant to a plea agreement with the State, he was sentenced in two cases to concurrent sentences of 60 months in prison, suspended on the condition that he successfully complete two years of community control and three years of probation. He further alleges that when he violated the terms of his supervision, the trial court revoked his probation and imposed sentences of 60 months incarceration in one case, consecutive to 35.1 months incarceration in the second case, for a composite sentence of 95.1 months in prison.
 

 Howells claims that his sentence is unlawful because he originally received a “true split sentence.” In
 
 Poore v. State,
 
 531 So.2d 161 (Fla.1988), the Florida Supreme Court explained that a “true split sentence” consists of a total period of confinement with a portion of the confinement period suspended and the defendant placed on probation for that suspended portion.
 
 Id.
 
 at 164. The court held that upon violating a “true split sentence”
 

 the sentencing judge in no instance may order new incarceration that exceeds the remaining balance of the withheld or suspended portion of the original sentence .... The possibility of the violation already has been considered, albeit prospectively, when the judge determined the total period of incarceration and suspended a portion of that sentence, during which the defendant would be on probation. In effect, the judge has sentenced in advance for the contingency of a probation violation, and will not later be permitted to change his or her mind on that question.
 

 Id.
 
 at 164-65.
 

 Poore
 
 also describes another sentencing alternative,
 
 ie.,
 
 a probationary split sentence, which is different from a “true split sentence.” A probationary split sentence consists of a period of confinement, none of which is suspended, followed by a period of probation.
 
 Id.
 
 at 164. In a probationary split sentence, if the defendant violates probation, the trial court may impose any sentence it might have originally imposed.
 
 Id.
 

 In denying Howells’s motion, the trial judge wrote that: “Once probation is revoked, the Court may impose any sentence permitted by law which might have been imposed before defendant was placed on probation.
 
 Pagnotti v. State,
 
 821 So.2d 466 (Fla. 4th DCA 2002).” However, neither the trial court’s order nor the State’s response addresses Howells’s claim that his original sentence was a “true split sentence.” If the original sentence was a “true split sentence,” it must be corrected. On the other hand, if it was a probationary split sentence, no correction is necessary. The record before us contains nothing to indicate the true nature of the original sentence.
 

 As a result, we reverse and remand for the trial court to either attach portions of the record that conclusively refute Howells’s claim that he originally received a “true split sentence” or to resentence him to the remaining portion of the suspended sentence.
 
 Compare Towbridge v. State,
 
 564 So.2d 604 (Fla. 3d DCA 1990) (holding that after revoking defendant’s probation, trial court was required to reimpose original sentences as concurrent, not consecutive, when defendant initially received concurrent “true split sentences”),
 
 with
 
 
 *854
 

 McCaskill v. State,
 
 728 So.2d 1183 (Fla. 5th DCA 1999) (holding that where defendant was sentenced to probationary split sentence, and violated probation, defendant may be resentenced to any term that could have been originally imposed).
 

 REVERSED AND REMANDED.
 

 LAWSON, J. and COBB, W., Senior Judge, concur.