PER CURIAM.
 

 Henry J. Benjamin appeals an order dismissing, as to one of two lower tribunal cases, his motion for postconviction relief
 
 *289
 
 filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for the trial court to consider the motion on the merits.
 

 Appellant’s motion was filed in connection with both a 2001 case and a 2003 case. The trial court dismissed the motion in connection with the 2001 case based on a state response arguing that all of the grounds pertained to his trial in the 2003 case.
 

 The state now acknowledges that appellant’s violation of probation (VOP) in his 2001 case was based upon the guilty verdict in his 2003 case. It asks us to affirm the dismissal as to two grounds and remand as to the others, noting that the trial court has ordered an evidentiary hearing on two of the grounds of the motion with respect to the 2003 case.
 

 We agree with the state that even if appellant obtains a new trial in the 2003 case and is acquitted, that will not necessarily entitle him to relief in his VOP case due to the lower standard of proof necessary to establish a VOP.
 
 Coney v. State,
 
 995 So.2d 1038, 1042 (Fla. 4th DCA 2008). However, it certainly will call into question the reliability of the revocation of probation such that the posteonviction motion should be considered with respect to both cases.
 

 As the trial court did not consider any of the grounds below, we reverse the dismissal and remand the amended motion for consideration by the trial court on the merits as to the 2001 lower tribunal case number.
 

 Reversed and remanded.
 

 GROSS, C.J., WARNER and HAZOURI, JJ., concur.