PER CURIAM.
 

 Earl Coney appeals the order denying his motion for post conviction relief which
 
 *877
 
 he filed in the trial court while he had a direct appeal of his conviction and sentence pending in this court. By way of background, Coney has a history of
 
 pro se
 
 filings chronicled in
 
 Coney v. State,
 
 995 So.2d 1038 (Fla. 4th DCA 2008). In that case, we prevented him from further filings connected with his prior conviction as a sanction. He was convicted of a second offense which he perpetrated after he served his sentence for his prior crime. In connection with this most recent conviction, he filed a direct appeal. In that case, we recently reversed and remanded for resentencing.
 
 See Coney v. State,
 
 — So.3d -, 2011 WL 3586200 (Fla. 4th DCA 2011).
 

 As we stated in
 
 Mowatt v. State,
 
 963 So.2d 348 (Fla. 4th DCA 2007), a trial court lacks jurisdiction to consider a Rule 3.850 motion while a direct appeal is pending in this court.
 
 See Daniels v. State,
 
 712 So.2d 765 (Fla.1998). Accordingly, we reverse the order denying the motion for post conviction relief. The trial court should have either dismissed the motion without prejudice or stayed it until conclusion of the appeal.
 
 See Mowatt,
 
 963 So.2d at 348. Any motion for post conviction relief must await the conclusion of the proceedings now pending below.
 

 We also caution Coney that he would be well advised to accept the assistance of counsel at resentencing to raise the arguments regarding his sentence which he attempted to raise in his motion for post conviction relief.
 

 Reversed.
 

 WARNER, HAZOURI and DAMOORGIAN, JJ., concur.