PER CURIAM.
This petition for writ of habeas corpus challenges petitioner’s judgments and sentences in Levy County Circuit Court case number 38-2005-CF-00252. The petition is dismissed on the authority of Baker v. State, 878 So.2d 1236 (Fla.2004) (reiterating that habeas corpus cannot be used to litigate issues that could have been or were raised on direct appeal or in postconviction motions).
We also find that the filing of the petition violates a prior opinion of this court. In Richardson v. State, 70 So.3d 609 (Fla. 1st DCA 2011), this court barred petitioner from any future pro se filings concerning Levy County Circuit Court case number 38-505-CF-00252 and required that any future pleading challenging the judgment and sentence must be signed by a member in good standing with The Florida Bar. Petitioner was warned that any filings which violated the terms of the opinion could result in a referral to the appropriate institution for disciplinary procedures as provided in section 944.279, Florida Statutes (2012). Although petitioner has attempted to circumvent the sanction opinion by having an inmate “friend” sign the petition, the petition is filed on behalf of petitioner and is not signed by a member in good standing of The Florida Bar as required by the sanction opinion. The petition fails to satisfy the requirements of the “next friend” standing outlined in Whitmore v. Arkansas, 495 U.S. 149, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990). In Whitmore, the Court addressed the standing of a death row inmate to challenge Arkansas’ authority to carry out a death sentence imposed on another capital defendant. The Court held that the petitioner did not have standing as the “next friend” of the other capital defendant because he had failed to satisfy the prerequisite that the real party in interest was unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability. Id. at 164, 110 S.Ct. 1717. The Court also outlined two other requirements to assert “next friend” status: (1) “the ‘next friend’ must be truly dedicated to the best interests of the person on whose behalf he seeks to litígate,” and (2) the “ ‘next friend’ must have some significant relationship with the real party in interest.” Id. at 163-64, 110 S.Ct. 1717. The burden is on the “next friend” to clearly establish the propriety of his status and thereby justify the jurisdiction of the court. See Smith ex rel. Missouri Public Defender Comm’n v. Armontrout, 812 F.2d 1050, 1053 (8th Cir. 1987); Groseclose ex rel. Harries v. Dutton, 594 F.Supp. 949, 952 (M.D.Tenn.1984). No such showing has been made by this petitioner’s “next friend.”
Because this petition violated the terms of the sanction opinion, petitioner was directed to show cause why further sanctions should not be imposed against him. See Fla. R.App. P. 9.410; State v. Spencer, 751 So.2d 47, 48 (Fla.1999) (requiring that courts “first provide notice and an opportunity to respond before preventing [a] litigant from bringing further attacks on his or her conviction and sentence.”). Petitioner failed to file a re *451 sponse to the show cause order on sanctions. Instead, a notice of voluntary dismissal was filed on petitioner’s behalf. The filing of a voluntary dismissal does not divest an appellate court of jurisdiction to enter an order authorizing sanctions in accordance with section 944.279. Coney v. State, 995 So.2d 1038, 1044 (Fla. 4th DCA 2008); see also Van Meter v. State, 726 So.2d 388 (Fla. 1st DCA 1999) (holding that the filing of a notice of voluntary dismissal does not divest a trial court of the requisite jurisdiction to enter an order authorizing sanctions in accordance with section 944.279).
As such, because petitioner’s continued and repeated attacks on his convictions and sentences have become an abuse of the legal process, we hold that he is barred from future pro se filings in this court concerning the judgments and sentences in Levy County Circuit Court case number 38-2005-CF-00252. The Clerk of the Court is directed not to accept any future filings concerning that case unless they are filed by a member in good standing of The Florida Bar. Petitioner is warned that any filings which violate the terms of this opinion may result in a prohibition against any further filings in this court and another referral to the appropriate institution for disciplinary procedures. A certified copy of this opinion shall be provided to the Florida Department of Corrections to be forwarded to the appropriate institution or facility for disciplinary procedures pursuant to the rules of the department as provided in section 944.279.
PADOVANO, MARSTILLER, and SWANSON, JJ., concur.