PER CURIAM.
This petition for writ of habeas corpus challenges petitioner’s judgments and sentences in Pinellas County Circuit Court case number 55-2010-CF-003276-XXXX-NO. Because this petition was filed by a third party who is not a member of The Florida Bar, the petition is dismissed as unauthorized. See State ex rel. Deeb v. Fabisinski, 111 Fla. 454, 152 So. 207, 209 (1933) (stating that absent some showing of a right or relationship authorizing a next friend to represent an individual in a habeas matter, a purported next friend will not be heard).
We also find that the filing of the petition violates a prior opinion of this court. Petitioner has twice previously sought habeas corpus relief in this court concerning convictions from Pinellas County, which is outside the territorial jurisdiction of this court. Both petitions were denied with citations to Baker v. State, 878 So.2d 1236 (Fla.2004) (reiterating that ha-beas corpus cannot be used to litigate issues that could have been or were raised on direct appeal or in postconviction motions). In Pancoast v. Crews, 119 So.3d 468 (Fla. 1st DCA 2013), petitioner was warned that any further unauthorized petitions filed in this court challenging his Pinellas County convictions may result in the imposition of sanctions against him. Although petitioner has attempted to circumvent the warning in that opinion by having a “friend” file this petition on his behalf, petitioner cannot avoid the imposition of sanctions by the filing of a petition by a third party. See Richardson v. Cervone ex rel. DOC, 116 So.3d 449 (Fla. 1st DCA 2013).
*817 Because this petition violated the terms of the Pancoast opinion, petitioner was directed to show cause why further sanctions should not be imposed against him. See Fla. R. App. P. 9.410; State v. Spencer, 751 So.2d 47, 48 (Fla.1999) (requiring that courts “first provide notice and an opportunity to respond before preventing [a] litigant from bringing further attacks on his or her conviction and sentence.”). Petitioner’s response fails to present a legal reason why sanctions should not be imposed against him. In fact, petitioner concedes that an “outside third party ... was utilized by petitioner to circumvent” and disregard this court’s prior order.
As such, because petitioner’s attacks on his convictions and sentences have become an abuse of the legal process, we hold that he is barred from future pro se filings in this court concerning the judgments and sentences in Pinellas County Circuit Court case number 55-2010-CF-003276-XXXX-NO. The Clerk of the Court is directed not to accept any future filings concerning that case unless they are filed by a member in good standing of The Florida Bar. A certified copy of this opinion shall be provided to the Florida Department of Corrections to be forwarded to the appropriate institution or facility for disciplinary procedures pursuant to the rules of the department as provided in section 944.279, Florida Statutes. Petitioner is warned that any filings which violate the terms of this opinion may result in the imposition of additional sanctions.
WOLF, CLARK, and RAY, JJ., concur.