PER CURIAM.
In this Anders[1] appeal, the appellant was originally convicted of burglary of a dwelling and grand theft, and the court concurrently imposed a ten-year term of imprisonment for the burglary with a five-year term of imprisonment for the grand theft. The court suspended both sentences and ordered the appellant to serve five years on drug offender probation, with the requirement that he first complete inpatient drug treatment at the Phoenix House. ' The appellant failed to complete this inpatient treatment. The state then filed an affidavit of violation of probation.
The appellant admitted to violating probation, and the trial court then conducted the sentencing portion of the hearing. Following witness testimony, the court asked the prosecutor whether it was bound by the initial concurrent imposition of the sentences, and the prosecutor incorrectly advised the court that “when a sentence is imposed concurrently at the time of the onset of a plea, if there’s ever a future violation, the Court can always revoke and resentence consecutively later on.” Appellant’s counsel argued that the court should not run the sentences consecutively. The court then resentenced the appellant to ten years’ and five years’ imprisonment, but this time it consecutively imposed the sentences, for a total of 15 years’ imprisonment.
When a court initially concurrently imposes prison sentences, and then suspends those , sentences and imposes a term of probation, this • constitutes a “true split sentence.” See Poore v. State, 531 So.2d 161, 164 (Fla.1988)[2] (discussing the differences between a “true split sentence” and a “probationary split sentence,” and explaining that the former is a “period of confinement with a portion of the confinement period suspended and the defendant placed on probation for that suspended portion” while the latter is “a period of confinement, none of which is suspended, followed by a period of probation”). This same rationale applies when the entire period of confinement is suspended. See State v. Powell, 703 So.2d 444 (Fla.1997). Further, when an original sentence is a true split sentence, as is the situation in *1283 this appeal, a trial court may not subsequently consecutively impose sentences when the original sentences were concurrently imposed. See Towbridge v. State, 564 So.2d 604 (Fla. 3d DCA1990).
We therefore affirm the length of the sentences imposed, as they are within the statutory máximums for these offenses, but we reverse and remand with directions that the lower court modify the judgment to reflect that these two sentences shall run concurrently to each other.
AFFIRMED IN PART, REVERSED AND REMANDED WITH DIRECTIONS.
ROWE, SWANSON, and BILBREY, JJ., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. Superseded by statute on other grounds as recognized in Crews v. State, 779 So.2d 492, 493-94 (Fla. 2d DCA 2000).